ALBERT H. RICKER *vs.* CHARLES E. JOY and dwelling house, S. P. HUNTRESS, claimant.

York.    Opinion March 3, 1881.

*Evidence.    Certified copy from town clerk's record.    Lien claim.    Nonsuit. Exceptions.    R. S., c. 91, § 29.    Practice.*

A duly certified copy of the record of a lien claim filed and recorded by one who performs labor or furnishes materials for the erection or repair of a building, as required by R. S., c. 91, § 29, is legally admissible in evidence in an action to enforce the lien.

It is a sufficient compliance with the requirement of the statute, in the statement of a lien claim, filed in the town clerk's office, if it give the amount due for which the lien is claimed, without stating the items making up such amount.

A motion for a nonsuit after the evidence is all out, on both sides, is addressed to the discretion of the judge and to his refusal exceptions do not lie.

Where the exception is to the ruling of the judge upon all the evidence in the case the whole evidence must be made a part of the bill of exceptions.

ON EXCEPTIONS.

Assumpsit to enforce a lien for materials.

The case is stated in the opinion.

The following is the statement of the lien claim filed in the town clerk's office :

"State of Maine.

· "York, ss.   I, Albert H. Ricker, on oath depose and say that there is due me from Charles E. Joy the sum of one hundred and nineteen dollars and forty cents ($119$\frac{40}{100}$) for labor and materials furnished for and which entered into the dwelling house of Simeon P. Huntress, situated on land owned by Simeon P. Huntress on the easterly side of Portland street near the 'Corner,' so called, in South Berwick village, and owned by said Huntress ; that I claim a lien upon said land and dwelling house to the extent of the debt aforesaid."

ALBERT H. RICKER."

"Subscribed and sworn to this third day of January, 1879, before me,

G. C. Yeaton, Justice of the Peace."

*G. C. Yeaton,* for the plaintiff, cited :   1 Greenl. Ev. 91, 484 ; *Oakes* v. *Hill,* 14 Pick. 442 ; *Commonwealth* v. *Chase,* 6 Cush. 248 ; R. S., c. 91, § 29 ; *Fairbanks* v. *Davis,* 50 Vt. 251 ; *Wilson* v. *Hopkins,* 51 Ind. 231 ; *Tarr* v. *Smith,* 68 Maine, 97 ; *Stewart* v. *Belfast Foundry Co.* 69 Maine, 17 ; *Hatheway* v. *Reed,* 127 Mass. 136 ; *Reed* v. *Acton,* 120 Mass. 130 ; Ewell's Evans, Agency, 379, 402 ; *Colburn* v. *Phillips,* 13 Gray, 64 ; *Burr* v. *Wilcox,* 13 Allen, 269 ; *Boody* v. *Goddard,* 57 Maine, 602 ; *Carleton* v. *Lewis,* 67 Maine, 76.

*Ira T. Drew* and *Wells and Burleigh* for the claimant, contended that Ricker was a clerk or agent and could not sue in his own name.   Story on Agency, § 406 ; *Garland* v. *Reynolds,* 20 Maine, 45.

The copy of the clerk's record was inadmissible.   It was not the best evidence.   A lien claim should be proved the same as a mortgage, by the original paper.   *State* v. *Gray,* 39 Maine, 353.

The statement of the lien claim filed in the clerk's office is defective.   The records should show the whole truth relating to the claim—its items, nature, amount, date, from whom due and to whom due.

o

LIBBEY, J. The claimant's first exception is to the admission of a duly certified copy of the record of the town, of the plaintiff's claim filed in the town clerk's office as required by R. S., c. 91, § 29.

The object of the statute requirement, that the person claiming the lien shall file a statement of his claim in the office of the clerk of the town where the building is situated, and that it shall be recorded, is to give notice to the owner of the property, and to all persons having occasion to acquire any interest in it, of the lien claimed.

When the statement required by the statute is recorded, the record becomes the notice, and we think such record, or a duly certified copy of it is competent evidence of the filing and recording of the claim. It is similar, in principle, to the record of a notice of foreclosure of a mortgage, or to the record of an attachment of real estate.

The second exception is to the sufficiency of the statement of claim filed by the plaintiff. We think it a sufficient compliance with the provisions of the statute. It states the amount due the plaintiff for which he claims the lien; that it is due for labor and materials furnished for and which entered into the building; a sufficient description of the property; the name of the owner; and it was signed and sworn to by the plaintiff, and filed and recorded.

It is claimed by the counsel for the claimant that the statute, properly construed, requires that the statement filed should contain a detailed statement of the items of the claim. We think it does not require such a statement. It requires only a statement of the amount due for which the lien is claimed.

The third exception is to the refusal of the presiding judge to order a nonsuit. A motion for a nonsuit after the evidence is all out, is addressed to the discretion of the judge, and to his refusal exceptions do not lie. *Boody* v. *Goddard*, 57 Maine, 602; *Carleton* v. *Lewis*, 67 Maine, 76.

And for another reason the exception upon this point cannot be sustained. It does not contain all the evidence in the case. Where the exception is to the ruling of the judge upon all the

evidence in the case, the whole evidence must be made a part of the exception.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and SYMONDS, JJ., concurred.