OLIVER GREEN v. HARRIET F. GREEN *et al.*

INNOCENT PURCHASER—*Notice of Prior Claim—Extent of Liability.* Where one claims to hold land as an innocent purchaser against an unrecorded claim, and paid for the land partly in money, and gave his note and mortgage for the balance, and afterward had notice of the prior claim, he will be held liable to the holder thereof to the extent of the purchase-price remaining unpaid when he received notice.

### Error from Shawnee District Court.

ACTION by *Oliver Green* against *Harriet F. Green* and others, to set aside certain deeds which plaintiff alleged to be fraudulent as to him. Trial on February 7, 1887, and verdict and judgment for defendant *James H. Easterday.* The plaintiff brings the case to this court. The facts are stated in *Green v. Green*, 34 Kas. 740, *et seq.*, and in the opinion, *infra.*

*Welch & Welch*, for plaintiff in error.

*Stumbaugh, Arnold & Hilton*, for defendant in error Easterday.

Opinion by HOLT, C.: This case has been in this court before. (34 Kas. 740.) The statement of facts therein set forth is referred to as supplementary to the following: In 1882, Oliver Green, a cripple, entered into a marriage contract with Harriet F. Wilcox, now Harriet F. Green. It appears that Oliver Green was possessed of some little amount of personal property, but had no real estate nor a fixed abode. Harriet F. Wilcox was the owner of a quarter-section of land in Shaw-

nee county, of the value of about $2,500. Before their marriage they entered into a mutual agreement concerning the property of each of the parties, but it was not reduced to writing. She agreed that out of the proceeds of the farm he should be aided in his support during their married life, and if he survived her, until his death. They were married on the 31st day of August, 1882. Upon the 30th day of the same month she went to a notary and made deeds to her three daughters, giving to each of them an undivided one-third part of the farm; she left the deeds with the notary, with the direction that they were to be given to her when she might call for them, or if they were not called for before her death, they were then to be delivered to her daughters. The husband and wife lived together for nearly a year, he furnishing a large portion of the support for himself and wife from his own funds; during part of the time an unmarried daughter of his wife, and later a widowed daughter with her two children, lived with them. He furnished his wife with $100 to pay off a mortgage on the farm. After living together for about one year, she left him, and brought an action for divorce, which upon trial was decided adversely to her. In February, 1884, the deeds were delivered to her daughters, and they made a sale of the premises to Easterday, one of the defendants herein. In March following, all the deeds were placed on record in the office of the register of deeds of Shawnee county, Kansas. The cause was tried by the court and a jury, and the following questions were submitted to the jury, and answered:

"When were the deeds from Harriet F. Wilcox, now Green to her three daughters executed? A. August 30, 1882.

"When were the plaintiff and Harriet F. Wilcox married? A. August 31, 1882.

"Did the plaintiff, Oliver Green, consent to, or know of, at the time of his marriage to Harriet F. Wilcox, now Green, the deeds by which she conveyed all of the farm in controversy to her three daughters? A. No.

"When were the deeds of Harriet F. Wilcox to her three daughters, as referred to in the first question, delivered to them? A. A few days before they conveyed said land to Easterday, or in February, 1884."

The judgment was in favor of defendant Easterday, the wife and three daughters making default. The plaintiff, as plaintiff in error, brings the case here.

In the record it is stated that the agent of Mrs. Green sold the land to Easterday for $2,500; $1,000 was paid in cash, and a note of $1,500, secured by mortgage, was given for the balance. The plaintiff files an elaborate brief; but the only question we care to notice is whether Easterday was an innocent purchaser of the one hundred and sixty acres formerly owned by Harriet F. Wilcox. The court, in its instructions to the jury, states substantially that unless the defendant Easterday had actual knowledge of the ante-nuptial contract of Oliver Green and Harriet F. Wilcox, and of the failure of Harriet F. Wilcox to deliver the deeds on the day of execution, they must find in favor of defendant Easterday. This instruction might have been proper if the full consideration of the farm had been paid by Easterday to the daughters of Mrs. Green at the time of the purchase, but the testimony shows that only $1,000 was paid, and that Easterday gave his note for the other $1,500 to the grantees. Easterday was a *bona fide* purchaser only to the amount of money he paid for the farm, and if he had notice of the rights of Green under this ante-nuptial contract before the payment of the note in question, if not negotiable, then to that extent he purchased subject to the rights of Oliver Green. The rights of a grantee, innocent of the fraudulent intent of his grantor, are only protected where such grantee gives a valuable consideration before notice of the fraud of his grantor; and one who claims to hold against a prior equity, because he was an innocent purchaser, but had not paid all the purchase-money when he received notice of such equity, will be liable to the holder thereof to the extent of the purchase-money remaining unpaid when he received notice. (*Bush v. Collins,* 35 Kas. 535; *Hardin v. Harrington,* 11 Bush, 367; *Henry v. Raiman,* 25 Pa. St. 354; *Dodson v. Cooper,* 37 Kas. 346; *Burke v. Johnson,* 37 id. 337; 2 Story's Equity, 11th ed., p. 829.) If the note was non-negotiable or past due and in the possession of the grantors, then the inter-

est of Oliver Green under his ante-nuptial contract was superior to the rights of Easterday, the purchaser, to the extent of the unpaid purchase-money.

We recommend that the judgment be reversed.

By the Court: It is so ordered.

All the Justices concurring.