HORATIO L. BASSETT & ABRAHAM A. GRAY, Copartners, *vs.* HARRIET A. SWARTS.

Excavating the cellar and driving foundation piles for a building are the commencement of the erection and construction of such building within the meaning of Pub. Stat. R. I. cap. 177, § 1, and Pub. Laws R. I. cap. 696, § 1, of March 21, A. D. 1888, of mechanics' liens.

After a cellar had been dug, and piles driven for a building, the site was mortgaged.

*Held*, that a mechanics' lien for work done and materials furnished in constructing the building after the mortgage was given took precedence of the mortgage lien.

The building was built by contract, and the contractors, who were the petitioners for a mechanic's lien, gave to the landowner their bond to duly perform their contract, and to save him harmless " from any and all mechanics' liens " " in any manner arising out of said contract," or out of their "acts and omissions in connection therewith," and " from all damages, expenses, costs, charges, judgments," etc., on account of any liens " arising from, or growing out of, said contract."

*Held*, that nothing in this bond estopped the contractors from maintaining their petition for a mechanics' lien. The bond was to protect the owner from the contractors' default, not to release him from the consequences of his own.

PETITION for the enforcement of a mechanics' lien.

*January* 28, 1891. DURFEE, C. J. This is a petition for the enforcement of a mechanics' lien for a balance of money due for work done and materials furnished by the petitioners in and for the construction of a building on a lot of land, in the city of Providence, belonging to the defendant, Harriet A. Swarts, under a written contract with her, dated July 5, A. D. 1888. The cellar had been excavated and piles driven for the foundation of the building before the making of the contract. Mrs. Swarts, July 10, A. D. 1888, gave mortgages for money borrowed on said lot of land, one to the Citizens' Savings Bank, and the other to the Industrial Trust Company, recorded July 13, A. D. 1888. The petitioners began work under their contract August 1, A. D. 1888. The question submitted to us is, whether the lien or the mortgages are entitled to priority of satisfaction out of the estate. The mortgagees contend that the mortgages are, because they were given before work was begun by the petitioners. The petitioners contend that the mortgages must be postponed to the lien, because they were not given until after the cellar was excavated and the piles driven ; that is to say, after the commencement of the erection or construction of the building. The answer to the question depends on the construction given to Pub. Stat. R. I. cap. 177, § 1, as amended by Pub. Laws, R. I. cap. 696, § 1, of March 21, A. D. 1888. The amended section is as follows : —

" SECTION 1. Whenever any building, canal, turnpike, railroad, or other improvement shall be constructed, erected, or repaired, by contract with, or at the request of, the owner thereof, such owner being at the time the owner of the land on which the same then is, or by the husband of such owner, with the consent of his wife, in writing, such building, canal, turnpike, railroad, or other improvement, together with the said land, is hereby made liable, and shall

stand pledged for all the work done in the construction, erection, or reparation of such building, canal, turnpike, railroad, or other improvement, and for the materials used in the construction, erection, or reparation thereof, which have been furnished by any person before any other lien which shall originate subsequent to the commencement of such erection, construction, or reparation on such land."

The section, being a whole, is to be construed as such. So construing it with reference to the question here, we find that it applies thus : Whenever any building shall be constructed, as stated in the section, such building, together with the land whereon it is constructed, shall stand pledged for all the work done in the construction, and for the materials used in the construction, which have been furnished by any person, "before any other lien which shall originate subsequent to the commencement of such construction." Clearly, what is meant by "the commencement of such construction" is the commencement of the construction of the building itself, and not the commencement of different jobs of work thereon, when the work is performed, dividedly, at different times, by different employees or contractors. In other words, whenever the construction has commenced, priority is secured to the liens accruing therefor over any other lien on the land which may be subsequently acquired, subject, of course, to a proviso, which is to be implied, that the construction shall proceed without any such interruption as may be reasonably regarded as an abandonment. *American Fire Insurance Co.* v. *Pringle,* 2 Serg. & R. 138.

In several of the States similar statutes have been similarly construed. 2 Jones on Liens, § 1470, and cases there cited ; Phillips on Mechanics' Liens, § 216. The statute of Wisconsin, which, when a dwelling-house or other building is constructed or repaired, gives a lien for the work done or materials furnished therefor "before any other lien which originated subsequent to the commencement of such house building or repairs," has been so construed. *In re Hoyt,* 3 Biss. 436. In that case a mortgage was given before the work for which the lien was claimed, but after the commencement of the construction, and the court said : "The mortgagee is chargeable with knowledge of the law, and he must be presumed to have known the fact that the building was in process of construction when he took his mortgage." In Iowa and Mon-

tana the lien is preferred by the statutes to all other liens " made subsequent to the commencement of the building, erection, or other improvement," and the statutes have been construed literally in this respect. *Neilson* v. *Iowa Eastern R. R. Co.* 44 Iowa, 71 ; *Davis* v. *Bilsland*, 18 Wall. 659. " The liens secured to the mechanics and material-men," said Mr. Justice Bradley in the case last cited, " have precedence over all other incumbrances put upon the property after the commencement of the building ; and this is just. Why should a purchaser or lender have the benefit of the labor and materials which go into the property and give it its existence and value ? " So, also, in Pennsylvania. *American Fire Insur. Co.* v. *Pringle*, 2 Serg. & R. 138 ; *Pennock* v. *Hoover*, 5 Rawle, 291.

It is apparently the policy of these statutes to put any incumbrancer, who acquires his lien after the construction has begun, simply in the shoes of the owner, whether the statutory lien be claimed for work done, or materials furnished before or after the incumbrance is imposed. " Presumptively," it has been said, " property is enhanced in value equal to the amount of the work and materials used in building upon it ; " and in conformity with this presumption, the benefit of the added value is accorded to those who bestow it in preference to owner or incumbrancer.

" The excavation for the foundation of a building," says Jones, " is a commencement of the building." Jones on Liens, § 1472, citing *Pennock* v. *Hoover*, 5 Rawle, 291 ; *Brooks* v. *Lester et al.* 36 Md. 65 ; *Jacobus Mutual Benefit Life Insur. Co.* 27 N. J. Eq. 604, which support the text. " This," he adds, " is constructive notice to all persons who may purchase the property, or may acquire any interest in it, that liens for labor and materials to be used in the construction of the building may attach and become entitled to priority." The mortgages in the case at bar were taken after the cellar was dug and the piles for the foundation were driven, and, therefore, after the construction had been begun. They must yield precedence to the liens.

The petitioners, at the time of entering into their contract with Mrs. Swarts, gave her their bond, with surety, whereby they bound themselves in the penal sum of $5,000 to duly perform their said contract, and also to indemnify her and save her harmless " from any and all mechanics' liens," under the statutes of the

State, " in any manner arising out of said contract," or out of their " acts and omissions in connection therewith," and " from all damages, expenses, costs, charges, judgments," etc., on account of any liens " arising from or growing out of said contract." The defendants contend that for the petitioners to enforce their lien is a breach of their bond, and that the petition ought therefore to be dismissed. The bond contains expressions that give some countenance to this contention, but none that are direct and explicit; and, in construing the bond, we must look to its purpose and character as well as to its language. If the meaning contended for is anywhere conveyed, it is in the vague and general expressions in regard to liens " arising out of the contract," or " growing out of the contract," and no liens could arise or grow out of the contract in favor of the petitioners, in any sense whatever, if Mrs. Swarts kept the contract, as she agreed to do on her part. To construe the bond as intended to indemnify Mrs. Swarts from liens accruing to the petitioners is to construe it as intended to indemnify her against her own defaults, and to amount, on the part of the petitioners, to a renunciation of their lien. It seems to us that if the parties to the bond did intend anything so radical and extraordinary, anything so strange to be asked for or conceded, they would have expressed their intention in plain and direct terms, not veiled it under a circumlocution. To call such a contract a contract to indemnify or to save harmless seems like a misnomer. We think, therefore, that the only liens which the bond, consistently with its character, can be held to cover, are liens for work done and materials furnished for the petitioners by laborers, sub-contractors, or material-men, which the petitioners have omitted to pay for. These are liens which, if they have accrued, have accrued by default of the petitioners, and are clearly designated for indemnity in the bond. We do not think the bond is to be regarded as extending to liens accruing in favor of the petitioners.

We decide that the petitioners are entitled to a lien as prayed for, said lien to have precedence of the mortgages to the Citizens' Savings Bank, and to the Industrial Trust Company.

*Edward D. Bassett,* for petitioners.

*Richard B. Comstock,* for respondent.