## APPERSON *v.* FARRELL.

### Opinion delivered November 26, 1892.

*Mechanic's lien—Priority over mortgage.*

Under Mansf. Dig. sec. 4408, which provides that a mechanic's lien upon a building, erection or other improvement "shall be preferred to all other liens and incumbrances attached to or upon such building, erection or other improvement, and to the land on which the same is situated, made subsequent to the commencement of such building, erection or other improvement," a lien for work done on a building is superior to the lien of a mortgage given and recorded before the particular work was begun but after the building was commenced.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

Farrell brought suit against the Elite Lumber Co. to enforce a mechanic's lien upon a saw mill, and made Miller, appellant's intestate, party to the suit because he held a mortgage on the same property. Judgment was rendered in the lower court for the plaintiff. The facts are stated in the opinion of the court.

*Eben W. Kimball* for appellant.

The mortgage lien of Miller is superior to the lien of Farrell. Secs. 4410-11, Mansf. Dig.; 32 Ark. 59. There is no repugnancy between these sections and sec. 4408. They may well stand together, and have been on our statute books, and have been digested for years, and have been construed by our courts.

*Auten & Moss* for appellee.

The lien of a mechanic dates from the *commencement of the building*. Mansf. Dig. sec. 4408; 2 S. & R. (Pa.), 138; 44 Iowa, 72; 32 Wis. 362; 18 Wall. (U. S.), 659; Phillips on Mech. Liens, sec. 226; 4 Dillon, 575. Secs. 4410-11 are from the act of 1843, and are repealed by the act of 1873, from which sec. 4408 is taken. This was a new law, and covered the entire ground, and is the latest expression of the legislative will, and must govern. 10 Ark. 590; 31 *id*. 19; 43 *id*. 426; 41 *id*. 149; 33 Mo. App. 509.

HUGHES, J. This is an appeal from a judgment holding that the lien of the appellee for an amount due him for work done by him as a mechanic is superior to the lien of a mortgage in favor of appellant's intestate, given and recorded, and conveying the building upon which the appellee did the work, and the lot upon which it was situated. The mortgage was recorded before the work was commenced, for which the appellee claims a lien, but after the building was commenced.

The case was tried by the court upon the following agreed statement of facts: "The facts are that the Elite (Lumber) Company commenced, about June 1st, 1890, the erection of a mill in Argenta; that the appellee performed work on this mill till about October 1st, 1890, for all of which he was fully paid by the Elite (Lumber) Company; that, about October 1st, 1890, he left off work on the mill and left the State, and went North to put up some other mill, and returned about January 1st, 1891, and worked more or less on this mill until about the 19th of February, 1891, his wages amounting to some $70 ; that the Elite (Lumber) Company then failed, and did not pay these last earned wages, for which Farrell now claims this lien; that the Elite Lumber Company, on the 12th day of July, 1890, gave Miller a mortgage on this mill property to secure the payment of $5000 borrowed by the company of Miller, which mortgage was duly recorded on the 14th day of July, 1890, and still subsists. All the work for which a lien is claimed was done nearly six months after the mortgage was recorded."

Section 4402 of Mansfield's Digest provides that " every mechanic, builder, artisan, workman, laborer or other person who shall do or perform any work or labor upon or furnish any materials, machinery or fixtures for any building, erection or other improvement upon land, etc., under or by virtue of any contract, express or implied, with the owner or proprietor thereof," etc., " shall have for his work or labor done," etc., " a lien upon such building, erection or improvement, and upon the land belonging to such owner or proprietor on which the same is situated, to secure the payment of such work or labor done."

Mansfield's Digest, sec. 4408, reads : " Liens under this act shall be preferred to all other liens and incumbrances attached to or upon such building, erection or other improvement, and to the land on which the same is

situated, made subsequent to the commencement of such building, erection or other improvement." This section is the same as section 7 of the act of 1873, the 20th section of which repeals all acts or parts of acts in conflict with it. Section 4408, being the latest expression of legislative intent upon the subject, and being apparently in irreconcilable conflict with section 4410, taken from the act of 1843, must prevail. Section 4410 gave the laborer or mechanic a lien from the time his work was commenced, and not from the time the building was commenced. For cases construing similar statutes, see *American Fire Ins. Co.* v. *Pringle*, 2 Serg. & R. (Pa.) 138 ; *Neilson* v. *Eastern Ry. Co.* 44 Ia. 72 ; *Davis* v. *Bilsand*, 18 Wall. 659.

Let the judgment be affirmed.