CROWN CENTRAL PETROLEUM COMPANY *v.* FRICK-REID SUPPLY COMPANY.

Opinion delivered May 9, 1927.

1. MINES AND MINERALS—IMPLIED CONTRACT.—Where the owner of an oil and gas lease, without any contract, made connection with the main line of the gas company and used its gas in drilling oil wells, there was an implied contract to pay for the gas used.

2. MINES AND MINERALS—LIEN FOR MATERIAL.—A lien given by Acts 1923, p. 500, § 1, for labor performed and material furnished in drilling or operating oil or gas well, must have its foundation in contract, express or implied.

3. MINES AND MINERALS—LIEN FOR GAS USED IN DRILLING.—Where the owner of an oil and gas lease, without any contract, made connection with the main line of the gas company and used its gas in drilling oil wells, there was an implied contract to pay for the gas, for which the gas company had a lien on the lease under Acts 1923, p. 500, § 1.

4. MINES AND MINERALS—FUEL MATERIAL.—Acts 1923, p. 500, § 1, gives a materialman who shall furnish fuel material a lien for gas used in operating an oil drill, since the gas was intended to constitute fuel material just as much as coal, oil, or wood.

5. MINES AND MATERIALS—RIGHT TO LIEN.—Where the owner of an oil and gas lease made connection with the line of a gas company

and used its gas in drilling three oil wells, and was thus bound under implied contract to pay for the gas used, the transaction constituted an entire one, and the gas company could file a lien against all of the wells drilled on leasehold, under Acts 1923, p. 500, § 1.

6. MORTGAGES—PRIORITY OF MATERIALMAN'S LIEN. — The lien for material furnished in drilling oil wells under Acts 1923, p. 500, § 1, *held* superior to that of the holder of a mortgage executed after the wells were drilled.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

STATEMENT OF FACTS.

This appeal involves the priority of the appellant's claim to a lien to an oil and gas lease to that of several materialmen and laborers on said lease.

The record shows that the Center Oil Company was the owner of an oil and gas lease in the Norphlet area of the El Dorado field in Union County, Arkansas. The Center Oil Company drilled three producing wells and carried its oil to the United Central Oil Corporation, and gave it a mortgage on its wells. The United Central Oil Corporation conveyed its lien to the Crown Central Petroleum Corporation, and it asked that its claim in the sum of $10,527.38 be declared a first lien on the interests of the Center Oil Company. Frick-Reid Supply Company, between the 25th day of June and the 20th day of August, 1924, sold and delivered to the Center Oil Company materials which were used in drilling the oil wells above referred to, and there remained due and unpaid on said account the sum of $4,446.10. The Natural Gas & Petroleum Corporation furnished natural gas which was used in drilling said oil wells, and claims a materialman's lien on said oil and gas lease to secure the sum of $1,450. Two laborers also filed liens for small amounts. The facts will be specifically stated and discussed under appropriate headings in the opinion.

The chancellor found that the claim of Frick-Reid Supply Company in the sum of $4,446.10 and that of the Natural Gas & Petroleum Corporation in the sum of

$1,450 should be declared to be liens for material prior to the lien of the appellant. The court also allowed the claims of the laborers, and declared them to be a lien upon said oil lease. The court made a specific finding that the mortgage lien of appellant was subordinate to the liens of the Frick-Reid Supply Company and the Natural Gas & Petroleum Corporation for the materials furnished and used in the drilling of said oil wells. A decree was entered of record in accordance with the findings of the chancellor, and, to reverse that decree, appellant alone has prosecuted an appeal.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Kitchen & Harris, Jeff Davis* and *J. S. Brooks,* for appellee.

HART, C. J., (after stating the facts). Appellant seeks to defeat the claim of the Natural Gas & Petroleum Corporation on the ground that the gas furnished and used in drilling the oil wells in question was sold to the Center Oil Company on general account, and that the credit was given wholly to the contractor without reference to the use which was to be made of the materials. Hence it is claimed that there is no lien under the statute in favor of the Natural Gas & Petroleum Corporation. The evidence shows that the Natural Gas & Petroleum Corporation had pipe lines near where the Center Oil Company was drilling its oil wells. Without any contract, the Center Oil Company made connection with the main line of the gas corporation and used its gas in drilling its oil wells. Under this state of facts there was an implied contract on the part of the Center Oil Company to pay the Natural Gas & Petroleum Corporation for its gas which was used in drilling and operating said oil wells. It is true that the foundation of the right to secure a lien for labor performed or material furnished must be a contract with the owner of the land upon which the lien is sought to be enforced, and, if there does not exist such a contract, express or implied, the person claiming it must fail. Thornton's Law of Oil and Gas, 4th ed. vol. 1,

§ 371. This holding is in accord with our construction of our materialman's lien statute. In *Burel* v. *East Arkansas Lumber Co.*, 129 Ark. 58, 195 S. W. 378, 10 A. L. R. 1017, it was held that the lien given by the statute must have its foundation in contract and must correspond with the contract.

In the case at bar the lien is given by § 1 of act 615 of the Acts of 1923. General Acts of 1923, p. 500. The section provides, in effect, that any person who shall, under contract, express or implied, with the owner or lessee of any gas, oil or mineral lease in land, perform labor or furnish materials or supplies used in digging, drilling and operating any oil or gas well, shall have a lien on the whole of such leasehold interest in said land.

As we have already seen, when the lessee of the oil lease made the connection with the mains of the gas corporation and used its gas in drilling its oil wells, there was an implied contract to pay for the gas, and this gave the gas corporation a lien upon the lease under the provisions of the statute above referred to. In no sense of the word could it be said that the gas corporation furnished the gas on general account and extended credit to the owner of the leasehold without reference to the use which was to be made of the gas. There being an implied contract to pay for the gas, and there being no general credit extended to the owner of the lease, the provisions of the statute apply, and its provisions fit the facts exactly.

It is next insisted that the language of the statute does not give the materialman a lien for gas used in operating the oil drill. In making this contention they refer to the language of the statute which gives a lien to any person or corporation who shall "furnish fuel material." They contend that it was the legislative intention to give a lien to persons who furnish coal, wood or oil for fuel purposes. We cannot agree with counsel in this contention. It is perfectly plain to us that gas was intended to constitute "fuel material" just as much as coal, wood or oil which might be used for that purpose.

It is next contended that there is no lien under the statute because there was no separate contract for the oil wells. As we have already seen, the lessee connected with the gas main of the gas corporation and used its gas in drilling the three wells. There was an implied contract to pay for the gas, and the transaction constituted an entire one. This court, in the construction of our mechanics' lien statute, says that a lien for materials furnished may be filed against two or more buildings located on lots which are not contiguous. *Burel v. East Arkansas Lumber Co.,* 129 Ark. 58, 195 S. W. 378, 10 A. L. R. 1017, and *Carr* v. *Hahn & Carter,* 133 Ark. 401, 202 S. W. 685. In the case first cited it was held that a chancellor's finding, that the construction of several buildings on lots which were not contiguous was done under a single contract so as to support a mechanic's lien on all the lots for the materials used on the job, will not be disturbed on appeal where the evidence shows that the parties treated the building operation as one joint piece of work. In a case-note to 10 A. L. R., at page 1026, it is said that the great weight of authority is to the effect that, where labor is performed or materials furnished under one contract and for one owner, for two or more buildings located on distinct but contiguous lots, a single mechanic's lien may be filed against all the buildings. Numerous cases from courts of last resort of the various States are cited which support the text. The same rule applies here, and we are of the opinion that the parties treated the transaction in question as an entire contract, and the gas corporation had a right to file a lien against all the wells drilled on the leasehold.

In this connection it may be stated that the claim of the Frick-Reid Supply Company was for materials furnished and used in drilling the three oil wells under a single contract, and what we have said above applies with equal force to its claim. The liens of both claimants were filed within the statutory length of time, and we need not consider whether or not they were superior to the liens of the laborers, because the appeal has been

prosecuted for the benefit of the appellant· alone, who claims a superior lien by virtue of a mortgage which was assigned to it.

The mortgage given by the Center Oil Company and assigned to the appellant falls squarely within the rule announced in *Ferguson Lumber Co.* v. *Schriber,* 162 Ark. 349, 258 S. W. 353. In that case it was held that, under our statute that a materialman's lien relates back to the commencement of the building, a plaintiff, under contract to furnish materials for a building, takes precedence over a mortgage, where it began to furnish the materials before the mortgage was filed for record. The facts of this case bring it within the rule there announced, and the lien of the claimants for material is superior to that of the holder of the mortgage.

The construction we have given this lien statute is in accord with our holding in *Pierce Oil Corporation* v. *Parker,* 168 Ark. 400, 271 S. W. 24. In that case, under our statute requiring road contractors to pay for labor and materials used in the prosecution of the work, persons supplying oil or gasoline to be used in operating motor-trucks engaged in hauling stone for the construction of the highway cannot be said to be supplying material to be used in the prosecution of the work. On the other hand, it was held that materials which are used directly in the construction of improved roads are lienable. In the case at bar, the gas was used directly in operating the oil drill, and therefore was used in drilling the wells, just as dynamite or other explosives used in breaking up earth are materials used within the meaning of the statute providing a mechanic's lien for the use of such materials in the prosecution of the work.

The result of our views is that the decree of the chancellor was correct, and it will therefore be affirmed.