No. 30,064.

THE SECURITY STOVE AND MANUFACTURING COMPANY, *Appellee* and *Appellant*, v. E. W. SELLARDS and WINNIE SELLARDS, THE KENNEDY PLUMBING COMPANY, THE LAWRENCE BUILDING AND LOAN ASSOCIATION et al., *Appellants* and *Appellees*.

(3 P. 2d 481.)

Opinion filed October 10, 1931.

*C. E. Lindley,* of Lawrence, for the appellants.

*C. A. Smart,* of Lawrence, for the Security Stove and Manufacturing Company; *J. J. Riling,* of Lawrence, for the Logan-Moore Lumber Company; and *R. B. Stevens,* of Lawrence, for the Kennedy Plumbing Company.

The opinion of the court was delivered by

HUTCHISON, J.: The priority between mechanics' liens and mort-

gages is the only problem for consideration in this case. There is an appeal and a cross appeal.

The action was brought by a mechanic's lienholder to foreclose its liens on two separate properties, making other lienholders and the holder of mortgages parties defendant. Liens were claimed separately on two city lots separated by a street and in different blocks but directly opposite each other and owned by the same party, who executed a mortgage on each of them separately to the same mortgagee for different amounts the same day and recorded the same day, and contracts were made with the lienholders in most instances for work on both buildings. One of the lienholders is interested only in one building, the others in both but for separate and distinct work done and material furnished, and in distinct and definite amounts on each building. There is no question about the amounts of the liens claimed or the furnishing of the material or labor as claimed. The trial court gave the mechanics' lienholders a priority on one property and the building and loan association, the mortgagee, priority on the other. Each party appeals from the part of the ruling that is adverse.

To avoid confusion the matters will be considered here as though they were in two separate cases, considering first the appeal of the building and loan association from the judgment of priority given the mechanics' lienholders, on lot 18, block 7, University Place, Lawrence, Kan. The owner, E. W. Sellards, staked off the ground for the erection of a new residence building on this lot on or before June 6, 1928, and the Kennedy Plumbing Company on that day went upon the grounds and dug a trench from the city sewer in the alley just back of the property to the point where the building was to be constructed as shown by the stakes. The mortgage was executed June 9 and recorded June 12, and the excavation for the building was commenced June 14. The trial court held that the digging of the sewer trench was under the statute a sufficient commencement of the building to give the lien of the mechanics a priority over the mortgage executed three days later.

It is contended by the building and loan association that the mere digging of a small trench from the alley over the lot to the rear of the proposed building, as staked off, would not be very noticeable and would not indicate that a building had been commenced there, nor meet the reasonable requirements of the statute as "the com-

mencement of such building." Appellant cites the case of *Mortgage Co. v. Weyerhaeuser*, 48 Kan. 335, 29 Pac. 153, where it was said:

"The digging for the cellar or the excavation for the foundation is the commencement of the building, within the intention and meaning of the statute." (Syl.)

It was there contended that the placing of material on the lot should be regarded as the commencement of the building, but the court in the opinion regarded that as too indefinite for the reason that it might be later removed, or, if used, not used for a long time thereafter, and concluded as follows:

"The digging of the cellar, the excavation for the foundation walls, is a definite thing, open to the observation of all passers-by, very suggestive of its purposes, and is a better starting point from which to date a lien, because it is unmistakably the commencement of a building." (p. 344.)

From this statement it is perfectly obvious that the court did not intend to convey the thought that nothing but the digging for cellar or foundation could be considered as the commencement of the building, but that such work was definite and open to observation of all passers-by and a good or better starting point than the other thing suggested in that case, namely, placing lumber or material on the lot. Some buildings are commenced without either cellars or foundations by setting the sills on blocks or posts. One of the witnesses in this case stated that one could tell by a glance at the ground and the structure that a new building was being constructed; that the ditch was covered in the alley but not on the lot, and that they usually started a sewer before anything else to get a drain to the basement to drain the water out. This situation fully meets the requirement of the statute as the commencement of the building, the sewer ditch being something open to the observation of all passers-by and something definite which everyone could readily see and recognize as the commencement of the building.

The pertinent provision of the statute, R. S. 60-1401, is:

"Such lien shall be preferred to all other liens or encumbrances which may attach to or upon said land, building, or improvement, or either of them, subsequent to the commencement of such building."

Two paragraphs in Corpus Juris are very clear and conclusive as to what may constitute the commencement of a building under such statutes.

"The commencement of the building or improvement within the meaning of the lien law is the visible commencement of actual operations on the ground

for the erection of the building; the doing of some work or labor on the ground, such as beginning to excavate for the foundation or the cellar, walling the cellar, or work of a like description, which everyone can readily see and recognize as the commencement of a building, and which is done with the intention and purpose then formed to continue the work until the completion of the building." (40 C. J. 267.)

"In order that a particular date may be fixed as that on which the building was commenced, within the meaning of the foregoing rules, it is necessary and sufficient that, on such date, there shall have been done work of such a substantial and conspicuous character as to make it reasonably apparent to the mortgagee that the building has actually commenced, and that the work shall have continued without abandonment, change of plan, or change of contracting parties." (40 C. J. 292.)

As to the other lot, No. 2, block 6, University Place, Lawrence, Kan., directly across the street from the former, the trial court gave the building and loan association, the mortgagee, a priority over the liens of the mechanics and materialmen, and the latter appeal. On this lot the mortgage was executed June 9 and recorded June 12, and the first work done thereon was on June 24, so that it is in effect admitted that as far as the dates are concerned the ruling in favor of the mortgagee was correct, but the lienholders present two further propositions: the first, that it is fair to presume that the officers of the building and loan association saw the work progressing on the other lot across the street and knew the plan of the owner of both lots to construct a building on each with practically the same mechanics and materialmen; and that they knew the other new building across the street would enhance the value of this lot and the building thereon. And for this reason they should both be considered together, and because the work was actually commenced on the other lot before the giving of the mortgage, that should be regarded as the commencement of work on this lot as well, which would give a priority to the mechanics' liens. This theory is inconsistent with the attitude of all parties to the case all the way through, including the lienholders. Their claims and their judgments were separate and distinct as to the two lots when they should have put them together as one claim and one judgment if they expected to consider their lien as only one on both lots, to take advantage of the earlier commencement of work on the other lot. No authorities are cited to support this theory, and we are not inclined to accept it as applicable to the facts in this case.

The second proposition of the mechanics' lienholders is that as between the mortgagee and other claimants the lien of the mort-

gagee does not attach except as the money has been advanced upon the note and mortgage. The record shows that the first payment made to the mortgagor on this loan was in the sum of $80.25 on June 29, five days after the work was commenced on this lot. The next payment was $800 on July 3 and later the balance of the $3,200 loan was paid. The lienholders cite in support of their contention the following cases: *Nixon v. Cydon Lodge,* 56 Kan. 298, 43 Pac. 236; *Bush, Sheriff, v. Collins,* 35 Kan. 535, 11 Pac. 425; *Green v. Green,* 41 Kan. 472, 21 Pac. 586; and *Kantzer v. Southwest Home Investment Co.,* 128 Kan. 401, 278 Pac. 53.

In the first case the lien of the mortgage was held to be subordinate to the mechanic's lien, and the opinion only mentions incidentally the fact that although the mortgage was for $20,000 only $11,600 had been paid by the mortgagee when the borrower became insolvent and the work on the building ceased. There was no controversy or necessity for any as to the amount of the mortgage lien between the mortgagee and the mechanics' lienholders because the entire mortgage lien was subordinate.

In the Bush case, *supra,* the controversy was between a purchaser of a stock of merchandise and attaching creditors, and the purchaser, innocent of any fraud on the part of vendor, was protected to the extent of the money he had paid at first, but not as to what he paid after learning of the fraud.

The Green case, *supra,* concerns an unrecorded claim for which the purchaser of the land encumbered was held liable to the claimant to the extent of his payment to the vendor after he had been notified of the unrecorded claim.

In the recent case of *Kantzer v. Southwest Home Investment Co.,* supra, the court affirmed the judgment rendered by the trial court, which apparently recognized the advancements made by the mortgagee, but not on the ground of priority, as is shown by the concluding paragraph of the opinion, which is as follows:

"There is quite a little criticism by appellant of the findings of fact made by the trial court, but as to these we find no substantial error. The argument that a mortgage for future advancement should, under some circumstances at least, have priority over mechanics' liens subsequently acquired likewise goes out of the case when it is once determined that the work on the building began before the mortgage was executed and recorded." (p. 403.)

We are not persuaded by the rulings in any or all of these decisions that the priority of a mortgage lien over mechanics' liens, where the mortgage was executed and recorded before the commencement

of the building, is limited to the amount of the advancements before the commencement of the work, especially where the mortgage, as in this case, does not provide for advancements. Neither do we think the rule of priority is affected in the example of counsel where the mortgagee undertakes to foreclose his mortgage when he has failed to advance or pay over a considerable part of the money promised. Of course, he could not recover a judgment for more than the amount he had in fact advanced and interest thereon, and perhaps only a prior lien to that extent because that is the whole amount which he had a right to recover under the mortgage because of his own failure to advance the balance secured by the mortgage.

Counsel for the mechanics' lienholder state that they are not unmindful of the decision in the case of *Martsolf v. Barnwell,* 15 Kan. 612, and its approval in *Lumber Co. v. Bowersock,* 100 Kan. 328, 164 Pac. 156, but in view of the situation in this particular case they ask this court to reconsider and modify the rule stated in the Barnwell case, *supra,* and they refer to the decision in the case of *Ky. Lbr. & Mill W. Co. v. Ky. Title S. B. & T. Co.,* 184 Ky. 244, as logical reasoning in support of their request. The opinion in the Kentucky case gives a priority to the mortgagee for actual advancements made prior to actual notice of the claims of mechanics and materialmen. The mortgage was not executed until after the building had been commenced, which, under the statute, would deprive it of its priority, but on the other hand the court refers to a Kentucky statute which requires the mechanic and materialman, in order to procure and hold superior liens, to file notices of their expected liens. This they failed to do, so under these circumstances the court based the priority upon the time of actual knowledge of the mechanic's claim by the mortgagee, and that gave a priority to the earlier advancements by the mortgagee and not to the later. We have no such statute requiring mechanics and materialmen to file notices of their expected or contemplated liens, and we are not convinced that the decision in the Barnwell case needs to be or should be modified. The following paragraph from the opinion in that case, written by Justice Brewer, is a clear and plain pronouncement of the rule in Kansas on this question:

"Again, it is said that the money was to be advanced as the work progressed, and that in fact only a small portion was advanced prior to the commencement of the work, and that, therefore, to the extent of such prior advancement alone, could Barnwell's mortgage be preferred to the mechanic's lien.

In this we think counsel are mistaken. The mortgage was for a single, fixed amount, and contained no provision for future advances. Now, if it be true that equity will look behind the face of the mortgage, and date the liens from the times of the several advances of money by the mortgagee (and upon this question we express no opinion), it will also, upon the same principle, date the mechanics' liens from the times of furnishing material and doing work." (p. 618.)

We find no error in the priorities given the several lienholders, mortgagee, mechanics and materialmen as to either lot.

The judgment is affirmed.