PLANTERS LUMBER CO. *v.* JACK COLLIER EAST CO.

5-2646                                              356 S. W. 2d 631

Opinion delivered April 30, 1962.

*H. B. Stubblefield* and *Josh W. McHughes,* for appellant.

*Rose, Meek, House, Barron, Nash & Williamson,* by *Stanley E. Price; Moses, McClellan, Arnold Owen & McDermott,* by *James R. Howard,* for appellee.

ED. F. McFADDIN, Associate Justice. This is a controversy for priority as between a construction money mortgage and materialmen's liens; and necessitates a study of our Lien Statutes (§ 51-601 *et seq.* Ark. Stats.). The Chancery Court held that the construction money mortgage had priority; and the materialmen have appealed.

The facts are stipulated. Mr. Creed undertook to erect a residence for himself. On October 31, 1959, at his order, Big Rock Stone & Material Company (hereinafter called "Big Rock") delivered certain building materials to the lot, and they were used in the building and a lien claim duly filed therefor. At eleven A.M. on November 10, 1959 there was filed for record a mortgage from Mr. Creed to appellee, Jack Collier East Company, Inc. (hereinafter called "East"), which instrument recited that it was a construction mortgage for a definite sum of money.[1] On the afternoon of November 10, 1959 Mr.

---

[1] The language in the mortgage was: "Grantor has applied to the grantee for a loan in the principal sum of Eighteen Thousand and no/100 Dollars ($18,000.00) to be used solely for and in the construction of a six room residence on above described property on the lands above described (sic) and the Grantee has agreed to make said loan for such purposes, . . ."

Creed purchased some materials from appellant, Planters Lumber Company (hereinafter called "Planters"), which materials were delivered to the lot on November 11, 1959, and, with other materials subsequently purchased, were all used in the construction of the building, and a lien claim was duly filed for the amount unpaid. On April 1, 1960, appellant Young Tile Company (hereinafter called "Young"), furnished Mr. Greed materials used in the construction of the building and a lien claim was likewise duly filed for the amount unpaid.

On September 14, 1960, Mr. Creed being in default, East filed foreclosure on its said mortgage, naming, *inter alia,* Big Rock, Planters, and Young as defendants, each of which claimed its lien to be superior to the East mortgage on the theory that Big Rock had delivered materials to the lot ten days before the East mortgage was filed for record; that the date of the delivery of the Big Rock material to the lot was the "commencement of such building"; and that Planters and Young could claim their liens from the "commencement of such building" because Big Rock furnished the material before the filing of the East mortgage. East recognized the superiority of the claim of Big Rock, and paid it; but insisted that the claims of Planters and Young were inferior to the East mortgage, which had been recorded prior to the furnishing of any materials by Planters or Young. As aforesaid, the Chancery Court held that the East mortgage was superior to the lien claims; and Planters and Young have appealed.

East relies primarily on that part of § 51-605 Ark. Stats. (Section 3 of Act 146 of 1895) which, after stating that materialmen have a lien, says: ". . . provided, however, that in all cases where said prior lien or incumbrance or mortgage was given or executed for the purpose of raising money or funds with which to make such erections, improvements or building, the said lien shall be prior to the lien given by this act." Planters and Young rely primarily on § 51-607 Ark. Stats. (being Section 5 of Act 146 of 1895), which says: "The lien for

work and materials as aforesaid shall be preferred to all other incumbrances which may be attached to or upon such building . . . or other improvements, or the ground, or either of them, subsequent to the commencement of such buildings or improvements.'' The appellants insist: (a) that the furnishing of their materials relates back to the ''commencement of such building''; (b) that they have a lien from the day Big Rock furnished its materials because that was the ''commencement of such building'';[2] and that East could not defeat the priority of their claims by paying the Big Rock claim, as East did.

The determination of the relative superiority between the mortgage lien and the materialmen's liens[3] requires a careful consideration of the applicable statutes and the cases construing them. Section 51-1002 Ark. Stats. (which comes to us from the Revised Statutes of 1836), provides that a mortgage shall be a lien on the mortgaged property ''. . . from the time the same is filed in the recorder's office for record and not before. . . .'' So the East mortgage in this case was a lien on the property here involved from eleven A. M. November 10, 1959. Now let us examine the Lien Statutes to see the effective date of the liens of Planters and Young.

The statutes prescribing the time when materialmen's liens are effective are later statutes than the mortgage statute previously mentioned. The applicable lien statutes are contained in §51-601 et seq. Ark. Stats. (which come to us from the Act No. 146 of 1895, which

---

[2] Several states have mechanic lien statutes which provide that the lien when filed becomes effective from the "commencement of the building." See *Leidigh* v. *Wyatt* (Kan.), 109 P. 2d 87; *Security* v. *Sellards* (Kan.), 3 P. 2d 481, 76 A.L.R. 1397; *Bassett* v. *Swarts* (R.I.), 21 A. 352; *Mutual Benefit* v. *Rowand*, 26 N.J. Equity 389; and *Kelly* v. *Rosenstock*, 45 Md. 389. In the case at bar it was stipulated that the Big Rock lien was prior to the recording of the East mortgage, which stipulation is tantamount to an admission that the "commencement of such building" was prior to the filing of the East mortgage.

[3] In Ark. Law Review, Vol. 12 p. 170, there is an article entitled: "Priority of Liens on Real Property in Arkansas: Mortgages, and Mechanics' and Materialmen's Liens." In addition to the cases cited in this opinion, the following are also noted: *Rust* v. *Kelley*, 180 Ark. 517, 21 S. W. 2d 973; *U. S.* v. *Westmoreland*, 134 F. Supp. 898.

was a replacement statute of the earlier Act 107 of 1873).[4] We mention the germane language here applicable:

(A)  Section 51-601 Ark. Stats. states: "Every . . . person who shall . . . furnish any material . . . for any building . . . upon land . . . under . . . any contract with the owner . . . upon complying with the provisions of this act . . . shall have for his . . . materials . . . furnished a lien upon such building . . . and upon the land belonging to such owner. . . ."

(B)  Section 51-613 Ark. Stats. requires: "It shall be the duty of every person who wishes to avail himself of this act . . . to file with the clerk of the circuit court of the county in which the building, erection or other improvement to be charged with the lien is situated, and within ninety (90) days after the things aforesaid shall have been furnished . . . a just and true account . . . and . . . a correct description of the property. . . ."

(C)  Section 51-607 Ark. Stats. (which comes to us also from Act 146 of 1895), provides: "The lien for . . . materials as aforesaid shall be preferred to all other incumbrances which may be attached to or upon such building . . . or the ground . . . subsequent to the commencement of such buildings or improvements."

So when the materialman files his account with the circuit clerk as provided by the said § 51-613 Ark. Stats., his lien dates back to the "commencement of such building," and becomes superior to any lien on the property that may have been placed there "subsequent to the commencement of such building." This Legislative design of the subsequently filed materialmen's lien being superior to the mortgage filed prior thereto has been recognized in many of our cases. One of the most outstanding is *Apperson* v. *Farrell*, 56 Ark. 640, 20 S. W.

---

[4] In *Lyle* v. *Latourette*, 209 Ark. 721, 192 S.W. 2d 521, we gave a brief history of the more important lien statutes.

514, which was decided under the 1873 lien statute but which had an equivalent provision in Mansfield's Digest § 4408. Some other cases clearly recognizing this "relation back" to the commencement of the building for the liens of the mechanics or the materialmen are: *Gunter* v. *Ludlam,* 155 Ark. 201, 244 S. W. 348; *Ferguson Lumber Co.* v. *Scriber,* 162 Ark. 349, 258 S. W. 353; and *Crown Central* v. *Frick-Reid,* 173 Ark. 983, 293 S. W. 1012.

In § 51-605 Ark. Stats. it is provided that if the owner desires to obtain funds with which to erect the building or improvement on the land, he can execute a mortgage for that purpose and place it of record before the work commences, and then ". . . said lien shall be prior to the lien given by this act." However, in this instance, (a) the construction mortgage must be executed before the commencement of the building (*Apperson* v. *Farrell, supra;* and *Shaw* v. *Rackensack,* 174 Ark. 492, 295 S. W. 966); (b) the mortgagee must be bound to advance the money for the construction (*Ashdown Hardware* v. *Hughes,* 223 Ark. 541, 267 S. W. 2d 294); and (c) that fact must be stated in the mortgage (*Jack Collier East Co.* v. *Barton,* 228 Ark. 300, 307 S. W. 2d 863). In the case at bar the mortgage was a construction money mortgage and the mortgagee was bound to make the advancements; but it was stipulated that the mortgage was not placed of record before the "commencement" of the building. If Big Rock and East were the only litigants here, the case would be easy of decision because Big Rock furnished its materials on October 31, 1959, which was at least ten days before the recording of the mortgage; and the Big Rock lien was therefore superior to the East mortgage under the authority of *Apperson* v. *Farrell, supra.*

The complaint and the stipulation admit that Big Rock perfected its lien under § 51-613 Ark. Stats. East recognized this fact by paying the Big Rock lien during the course of this litigation. The question then becomes whether East, by paying the Big Rock lien claim, can defeat the other lien claimants, such as Planters and

Young, whose materials were furnished subsequent to the recording of the East mortgage; and we answer that question in the negative. Section 51-611 Ark. Stats. states: "The liens for . . . things furnished as specified in this act . . . shall be upon an equal footing, without reference to the date of filing the account or lien; . . . Provided, such account or liens shall have been filed and suit brought as provided by this act." This is § 9 of Act 146 of 1895 and clearly states that every lien shall be equal. So when the liens of Planters and Young were filed, they were on an equality with the lien of Big Rock. In *Long* v. *Abeles Co.*, 77 Ark. 156, 93 S. W. 67, in construing this "equality statute," this Court said:

"As we construe the provisions of the statute, every person who furnished materials to the contractor that went into appellant's building, and who had complied with the law for preserving his lien, had a lien for the amount of the materials furnished, and this lien was on an equal footing with all other liens under the contract. If such liens were equal to or less than the contract price, they had to be discharged by payment in full; if they exceeded the contract price, they had to be prorated. *So, appellee, having complied with the law as to notice and the filing of its claim with the circuit clerk, could not be defeated of its lien by any payments that appellant may have made to other bona fide lien claimants, under the contract.* Appellant could not discriminate between those who were entitled to liens under the original contract. He could not pay one and refuse another. To discharge appellee's claim for a lien, it was necessary to include it in any payment that was made of the *bona fide* claims under the contract. It could not be ignored entirely and defeated by the payment of other claims in full that had accrued under the contract, where the amount of these claims exceeded the contract price." (Emphasis our own.)

Therefore, under the "equality statute" (§ 51-611 Ark. Stats.) when Planters and Young perfected their

liens by complying with § 51-613 Ark. Stats., as they did, then their liens related back to "the commencement of such building" as stated in § 51-607 Ark. Stats.; said liens of Planters and Young were on an equality with the lien of Big Rock; and East could not by paying Big Rock thereby defeat Planters and Young of the priority that they enjoyed because the Big Rock materials were furnished before the construction mortgage was placed of record, and Planters and Young were on an equality with Big Rock.

The Chancery decree is reversed and the cause remanded for the entry of a decree in accordance with this opinion.

GEORGE ROSE SMITH, J., not participating.

HARRIS, C. J., and ROBINSON, J., dissent.

The Chief Justice joins in the dissent.

SAM ROBINSON, Associate Justice, dissenting. The majority has held that once a building project is commenced and material is supplied for the construction on credit, then one who subsequently takes a construction money mortgage to secure a loan to the property owner does so at the risk of having his mortgage declared inferior to anyone who thereafter supplies material for the project. To so hold is to strain our lien statutes to an extent never intended by the Legislature.

Ark. Stats. § 51-601 provides a materialman with a lien on a building and the land on which it is situated upon his furnishing materials for the construction of the building. Ark. Stats. §§ 51-605 and 607 when read together declare that all prior and subsequent encumbrances on the land and building thereon, *except a construction mortgage*, are inferior to the lien of the materialman.

In point of time the liens in this case were created as follows: (1) Big Rock, (2) East, (3) Planters, and (4) Young. The majority hold that Big Rock has priority over East, and this is no doubt correct, but in addition

the majority say that the lien belonging to East is inferior to that of Planters and Young through a theory of "relation back". The reasoning employed by the majority is that Planters and Young prevail due to the strength of the lien which Big Rock has, not on the strength of their own liens which were created subsequent in time to that of East, the mortgagee. With this reasoning I cannot agree.

The majority relies heavily on *Apperson* v. *Farrell*, 56 Ark. 640, 20 S. W. 514, but that case is not in point because it was decided in 1892 on the basis of the 1873 lien statutes (Acts 1873, No. 107), which made no provision for a construction mortgage. Our present lien statutes (Ark. Stats. § 51-601, *et seq.*) which supersede the 1873 Act do have such a provision.

A discussion of the other cases which the majority cite for the "relation back" theory would unduly lengthen this dissent. Suffice it to say that all of the cases cited have one common thread of fact running through them which is of the upmost importance in distinguishing them from the case at bar; in none of the cited cases is more than one materialman seeking to prevail over a mortgagee who had loaned money to further the project, and in each instance the materialman seeking the lien had actually furnished material on the job before the mortgage was recorded. In the case now under consideration if the contest were between one mortgagee and one materialman, *i. e.*, Big Rock and East, then of course, Big Rock would prevail because it furnished the material before the mortgage was recorded, but the majority say Planters and Young also prevail over East. It will be recalled that they furnished material after the mortgage was recorded.

I fear the economic repercussions which will flow from the majority opinion. Following the rule set down by the Court today, no individual or lending institution can safely loan money to further a building project after one nail has been driven which has been purchased on credit. A lender willing to make a construction loan and

take a mortgage to secure it can not gain security for his loan by searching the records to determine the extent of prior liens on a building project, ascertain the amount of work done and materials furnished, and then act on the basis of such information. If he advances money on a project upon which construction has already begun, his mortgage would be inferior to those who might subsequently furnish labor or materials for the project. Prudent money lenders are not so reckless that they will chance seeing their security vanish into thin air. The ultimate blunt of the majority's decision will be felt by those who desire to build, but are unable to finance the entire venture from their own funds.

For the foregoing reasons I respectfully dissent from the opinion of the majority.