## MURRAY VS. RAPLEY.

1. MECHANIC'S LIEN: *Proceedings to enforce.*

   As between the mechanic and the owner of the improvement, a literal compliance with the provisions of the statute in regard to the filing of an account, etc., is not necessary. The written declaration of the party whose property is charged with the lien, containing the material facts requisite to constitute the lien, placed of record, is a substantial compliance with the law.

2. ————: *The homestead subject to.*
   A debt contracted for labor and materials furnished in improving the homestead is expressly excepted from the provision of the Constitution of 1868, creating the homestead exemption.
3. ————: *Chancery jurisdiction.*
   The remedies provided by statute for the enforcement of the mechanic's lien are cumulative, and do not oust the jurisdiction of chancery.

APPEAL from *Pulaski* Chancery Court.

Hon. W. I. WARWICK, Chancellor.

*Gallagher & Newton* for Mrs. Rapley.

A mechanic's lien is exclusively the creature of the statute. Phillips on Mec. Lien, p. 15, and cases cited. Does not arise out of the contract for labor. 54 Maine, 345 ; *Tilford* v. *Wallace,* 3 Watts (Tenn.), 141 ; *Peck* v *Hensley,* 21 Ind., 344 ; *Montander* v *Deus,* 14 Ala., U. S., 33. Nor depend on motives. *Gordon* v. *Toney,* 2 McCarden, ch. (N. J.) 112 ; *Bailey* v. *Mason,* 4 Minn., 546 ; 2 Green (Iowa) 308 ; 8 S. and R., 58 ; 12 Cal., 542 ; 35 N. Y., 36 ; 2 Abbott's Pr. R. (N. Y.), 100 ; 6 Tenn., 187 ; 58 Tenn. 383 ; 2 Ind., 304.

See Gantt's Digest, sec. 4060. As to the court, see section 4066.

The decree is indefinite and *ultra vires.* Acknowledgment defective. 20 Ark., 190.

*Benjamin & Barnes* for appellee.

The work and labor and materials furnished are sufficient to create the lien. Gantt's Digest, sec. 4056. Filing with the clerk is only to fix and keep it entire, which may be waived by the debtor. Literal compliance with section 4060 not essential. There is no exemption of homestead. Const. of 1868, art. 12, secs. 1, 2 and 2. Therefore lien good by contract.

WALKER, J.:

Murray filed his bill in which he set up his demand for $300 and asserted a mechanic's lien upon certain real estate, for work, labor and materials upon a building situate thereon.

His suit is founded upon the following instrument: "Little Rock, October 22, 1872. For value received I hereby acknowledge myself indebted to B. Murray in the sum of $300 for work and labor done, and materials furnished in painting my house on the property near the City of Little Rock, known as 'Emerald Hill,' and to secure the payment of which said sum of $300, I hereby acknowledge the said debt to be a mechanic's lien upon said house, with all the legal rights appertaining to such a lien according to the laws of Arkansas. Witness my hand and seal this 22nd day of October, 1872. (Signed) Ann B. Rapley. [Seal.]

On the 26th of the same month this instrument was acknowledged before a justice of the peace, and on the 27th of November of the same year, was duly filed in the recorder's office of Pulaski county.

On the 20th January, 1873, the plaintiff, Murray, filed his bill to obtain judgment for his debt, and asserted his claim to a specific mechanic's lien upon the house and two acres of land, on and near which it is situated.

The defendant appeared and demurred, and answered the bill. The court below overruled the demurrer and upon the case as made by the pleading, rendered final judgment for plaintiff on his debt, declared a specific lien upon the house and the two acres of land on which it was situated, and ordered the same to be sold.

This case comes before us by appeal.

The material defense interposed is:

*First*—That there has been no such compliance with the provisions of the statute as entitles the plaintiff to a lien.

*Second*—That defendant is a citizen, the head of a family and an actual resident upon the land, the whole tract amounting to but twenty-five acres, and that she is entitled to the same as a homestead.

*First*—Had the plaintiff a mechanic's lien on 'the house and two acres of land on which it was situated ? That the plaintiff was a mechanic, that he furnished materials, and did work upon the house, the property of the defendant, at her instance, and of the value of $300, are questions out of dispute, nor is it questioned that the writing sued upon, in which a lien on the house and land is expressly contracted, was not acknowledged, filed and recorded in the proper office, within the time required by the statute. But it is strenuously contended by the defendant's counsel that the instrument thus acknowledged and filed, was not a compliance with the provisions of the statute. That this is a right given by statute, and to which the party is alone entitled, who complies fully with the statute requisites.

Section 4060 Gantt's Digest provides, that "it shall be the duty of every person, who wishes to avail himself of this act, to file with the clerk of the Circuit Court in which the building, erection, or other improvement, to be charged with the lien is situated, and within ninety days after all the things aforesaid shall have been furnished, or the work or labor done or performed, a just and true account of the amount due or owing to him, after allowing all credits, and containing a correct description of the property to be charged with said lien, verified by affidavit."

That in this instance there has been no technical compliance with the statute is evident. This the plaintiff does not deny, but insists that there has been a substantial compliance with the statute.

It is true that this is a statue remedy, but it is one enacted for the protection of the mechanics, laborers and furnishers of supplies to those desiring to erect buildings or to make improvements upon real estate, and that the statute which requires that the mechanic, or other claimant of a lien should verify and file

his account to entitle him to a lien,. was intended not alone to identify and fix his right of lien upon the particular property upon which his labor and materials had been bestowed, but also to give notice to others who may contract for liens upon the same property of the nature and extent of his claim.

And in cases in which there is a contest between lien claimants, the mechanic should be held to such strict performance of the requirements of the statute as to entitle him to its benefits. But in an issue between the mechanic and the owner of the property upon which the labor has been bestowed, we apprehend that less strictness in complying with the statute would be required, because, as he is a party to the contract, the owner of the property upon which the labor is bestowed, and may be presumed to know the character of the work performed, as well as the materials furnished, constructive record notice is not so necessary, indeed, scarcely at all necessary, for his protection.

If the services rendered or the materials furnished were, for the improvement of his real estate, even though upon his homestead, such homestead property is liable for its payment. The Constitution which protects the homestead from sale for the payment of ordinary debts, expressly excepts out of its provisions debts contracted for labor done, or material furnished, as not within its provisions. Const., art 12, secs. 1 and 3.

But as regards the rights of those who contract for liens upon the same property, there is much greater necessity for a full compliance with the requirements of the statute. The filing of the lien is intended to give them constructive notice of the nature of the charge upon the land, the amount of the debt charged as a lien upon it, and the particular property claimed to be held liable for its payment. And should the party claiming such lien

fail to furnish such facts as to enable others contracting for a lien upon the property to protect themselves, the lien may be lost.

The adjudicated cases which would seem to hold a strict compliance with the provisions of the statute. necessary, will be found to have arisen between contestants for priority of lien.

It would seem from the authorities that it must be clearly shown that the claim is founded upon services rendered by a mechanic, laborer, or furnisher of materials upon a building, or other improvement on the property sought to be charged with the lien.

The character of the claim thus fixed, no technical omission is allowed to defeat the claim. Phillips, in his work on liens, page 16, when referring to the construction to be given to statutes conferring liens, says : "This liberality of construction, courts have conceived themselves justified in adopting, applies principally to the relief of mistakes of procedure. When the case falls clearly within the provisions of the statute, * * * it would lead to injustice to hold that every mistake, however trifling, should avoid the lien. Only such as are calculated to mislead others should destroy the claim if there has been a substantial compliance."

In the case before us the issue is not between claimants for a lien, but between the parties who could not have been misled as to the facts of the case. The defendant, when the work was completed, acknowledged that she owed the plaintiff $300, that this sum was due for mechanic's work, as a painter in painting her house, on Emerald hill, near Little Rock, and for materials and paint furnished, she declared in writing that such work to that amount, created a lien upon her house so situated, with all the statute rights of lien; this instrument was duly acknowledged, and recorded in the proper office and in apt time.

All of the material facts necessary to entitle the plaintiff to a mechanic's lien were distinctly set forth and made matter of record. A literal compliance with the statute could have done no more. In this instance the lien exists not alone by operation of law, but by contract.

Under the state of case presented, we think this a substantial compliance with the statute, independent of the lien contracted for, and that the plaintiff held a valid mechanic's lien upon the property.

The objection taken by counsel that the action should have been at law is not well taken.

It is true, that under the provisions of the statute, when the lien is filed, the party may proceed by *scire facias*, or as we have heretofore held, may sue in assumpsit upon his account and take the benefit of his lien. These remedies are cumulative, and in no wise prevents the party from seeking his remedy in a court of chancery, which on account of its more enlarged remedial powers is the most appropriate tribunal.

We must hold that the plaintiff is entitled to the relief asked.

Let the decree be in all things affirmed.