## WOOD *v.* KING.

Opinion delivered February 11, 1893.

*Mechanic's lien—Amount and particulars of claim.*

> Under sec. 4406, Mansf. Dig., which provides that a person wishing to enforce a mechanic's lien shall file with the clerk of the circuit court "a just and true account of the demand due or owing to him," verified by affidavit, a complaint verified by one of the plaintiffs and filed in the circuit court, which contains a general statement of the demand, showing its nature and character and the amount due, is sufficient.

Appeal from Lincoln Circuit Court, Varner District.

JOHN M. ELLIOTT, Judge.

On December 22, 1890, Wm. A. King and Jos. A. Goza, composing the firm of the King Manufacturing Co., brought suit against F. A. Wood to enforce a mechanic's lien upon a gin-house and two acres of land, described as situated in Lincoln county. The complaint alleged that a sum named was due for materials furnished at defendant's request for the erection and improvement of the gin-house; that the last item on the account was delivered on the 24th of October, 1890; and that no part of the debt had been paid. No itemized statement of the account was attached to the complaint, but one was filed on February 23, 1891. The complaint contained an affidavit, made by one of the plaintiffs, that the allegations of the complaint were true, to the best of his knowledge and belief.

Defendant's answer admitted the indebtedness, but claimed that plaintiffs were not entitled to enforce a lien because they failed to file with the circuit clerk, within ninety days after the materials were furnished, a just and true account of the demand due them, after allowing all credits, and containing a correct description of

the property to be charged with the lien, verified by affidavit.

A demurrer to the answer was sustained. Defendant declined to plead further. Judgment was rendered for plaintiffs. Defendant has appealed.

*F. M. McGehee*, for appellant.

1. Parties endeavoring to avail themselves of the statutory lien, must bring themselves clearly within the spirit and letter of the law. 30 Ark. 682; 27 *id.* 564; Mansf. Dig. sec. 4413; *ib.* 5031; 49 Ark. 474.

2. The demurrer admits the allegation of the answer that plaintiff failed to file the account within ninety days. The demurrer relates back and reaches the defective complaint. 31 Ark. 301; 30 *id.* 385; Newman, Pl. and Pr. 651.

*Austin & Taylor*, for appellee.

1. The complaint was filed before the expiration of the ninety days. 49 Ark. 475; Phillips, Mech. Liens, sec. 16; 51 Ark. 302.

2. The denials in the answer are too general and are demurrable. 54 Ark. 525; 37 *id.* 599; 50 *id.* 562; 32 *id.* 97; 46 *id.* 132.

3. The failure to attach an exhibit to the complaint, or to file it with the clerk within the prescribed ninety days, cannot be reached ·by demurrer. 27 Ark. 369; 31 *id.* 529; 32 *id.* 445; 53 *id.* 479; 34 *id.* 534; 33 *id.* 593; *ib.* 543.

4. The allegations of the complaint were a sufficient compliance with the statute. 30 Ark. 568; 51 *id.* 302; 3 Am. St. Rep. 262. The exhibit was a particular statement of the indebtedness, and no part of the pleadings, nor was it necessary to sustain the prayer for a lien. Mansf. Dig., sec. 4406; 17 Cal. 131; 29 *id.* 287; 43 *id.* 522; 8 Nev. 237; Jones on Liens, sec. 1190, p. 126;

16 Cal. 140. A substantial compliance with the statute is all that is required. 51 Ark. 307.

HEMINGWAY, J. It is insisted for the defendant that the filing of the complaint in this case was not a filing of plaintiffs' claim, within the rule announced in *Anderson* v. *Seamans*, 49 Ark. 475, and that plaintiffs never took the steps requisite to fix their lien, under the law regulating mechanic's liens. The grounds relied upon to distinguish this case from that are, 'that the plaintiffs did not file with their complaint an itemized account of their demand, or an affidavit to the effect that their claim was a just and true one, after allowing all credits.

The statute (Mansf. Dig. sec. 4406) does not require the filing of an itemized account; and, in accordance with rulings of other courts upon similar statutes, we hold that it was not necessary. *Murray* v. `Rapley`, 30 Ark. 568; *Buckley* v. *Taylor*, 51 Ark. 302; 2 Jones on Liens, sec. 1406; Phillips on Mechanics' Liens, sec. 353; 15 A. & E. Enc. Law, 139; *Ricker* v. *Joy*, 72 Me. 106.

As the allegations of the complaint embrace substantially everything that the statute requires to appear in the verified claim, and as it was supported by an affidavit of one of the plaintiffs that such allegations were true, we are of opinion that the last distinction cannot be maintained, and that this case comes within the rule of *Anderson* v. *Seamans*, 49 Ark. *supra*.

It is insisted, however, that the plaintiffs, by demurring to the answer and admitting its allegations to be true, admitted that they had not taken the steps necessary to fix a lien. The answer.did not deny the fact of the filing of the complaint in the case, which was a fact apparent of record ; it was designed to question the sufficiency of such fact to fix a lien, and to allege affirmatively that no claim had been filed except as the record in the case disclosed. While there is language in the

answer susceptible of a broader meaning, no other meaning can be given it, viewed as a whole; but if it was designed to mean more, and the allegation was that the filing of the complaint was not sufficient to charge a lien, it would be only a conclusion of law as to facts disclosed by the record, and would not be admitted by a demurrer.

Affirm.