## Frank Dunham, Executor, Appellant, v. A. P. Woodworth et. al., Appellees.

1. LIENS—*question of priority.* If the statute has been complied with a mechanic's lien is prior to that of a mortgage if first in point of time.

2. LIENS—*what compliance essential to sustain mechanic's lien.* The mechanic's lien act is in derogation of the common law and is to be strictly construed and in order to endorse a lien under such act there must be a substantial compliance with its requirements.

3. LIENS—*when mechanic's not enforced to prejudice of mortgage.* A mechanic's lien will not be enforced to the prejudice of a mortgage in the absence of evidence that the bill was filed within four months after the completion of the work and in the absence of evidence of the filing of a claim for lien as provided by statute.

Bill in equity. Appeal from the Circuit Court of Crawford county; the Hon. E. E. NEWLIN, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed November 12, 1910.

GEORGE E. McQUEEN and PARKER EAGLETON, for appellant.

CALLAHAN, JONES & LOWE, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellant, as executor of the estate of Schuyler H. Dunham, deceased, filed a bill in equity to enforce a mechanic's lien and foreclose a mortgage against lot number 15 in Ellen K. Woodworth's addition to the city of Robinson.

It was averred in the bill that appellee Woodworth was the holder of a mortgage on said premises, the lien of which was inferior to and subject to the mortgage and mechanic's lien of appellant, and that the other defendants had or claimed to have claims for labor and material furnished against said premises. A cross-bill was filed by appellee Woodworth and answers having been filed to the bill and cross-bill, the cause was heard by the court who found the equities of the parties to be, that the mortgage of appellant was a first and prior lien, that the mortgage of appellee was next in priority, and that the claims for mechanic's liens of appellant and John W. Kessler were inferior to the said mortgage liens. The court by its decree ordered a foreclosure and sale, and ordered a distribution of the proceeds accordingly, from which decree and order appellant prosecutes this appeal.

The only question submitted here for review arises upon that provision of the decree finding the mortgage of appellee Woodworth to be a prior lien to the claim for mechanic's lien of appellant.

It appears that a firm named Brubaker and Son had furnished to John H. Padgett, the owner of the premises described in said mortgages, the material for the erection of a dwelling thereon to the amount of $876.15. This sum was never paid and Brubaker and Son on October 28, 1907, filed a claim for lien against the premises. On October 30th, following, Brubaker and Son assigned the claim for lien to one Schuyler H. Dunham, since deceased, of whose estate appellant was the executor. Schuyler H. Dunham had made a loan

to Padgett of $1,200 on October 4, 1907, taking a mortgage on the premises which was filed for record October 7, 1907.

Prior to this on September 13, 1907, Padgett had executed a mortgage on the property for the sum of $450 to appellee Woodworth which was not filed for record until December 4, 1907.

If there was a compliance with the statute in the proceeding to perfect the mechanic's lien, it had priority over appellee's mortgage as it was first in time, and the court erred in giving the mortgage priority.

The decisions are uniform in this state that the statute is in derogation of the common law and is to be strictly construed, and in order to enforce the lien, there must be a substantial compliance with the requirements of the lien law.

Section 21 of the statute in relation to liens, provides that, "No contractor shall be allowed to enforce such lien against or to the prejudice of any other creditor or encumbrancer or purchaser unless within four months after completion—he shall either bring suit to enforce his lien therefor or shall file with the clerk of the Circuit Court—a claim for lien verified by the affidavit of himself or his agent or employee which shall consist of a brief statement of the contract, the balance due after allowing all credits, and a sufficiently correct description of the lot—to identify the same. Such claim for lien may—as to such owner be amended at any time before the final decree."

Section 25 provides "the bill or petition shall contain a brief statement of the contract or contracts on which it is founded, the dates when made and when completed,—and it shall also set forth the amount due and unpaid, a description of the premises which are subject to the lien, and such other facts as may be necessary to a full understanding of the rights of the parties."

Section 26 provides "the court shall permit amend-

ments to any part of the pleadings—and the rules of practice and proceedings in such cases shall be the same as in other cases in chancery, except as is otherwise provided in this act.''

By section 21 of the statute the lien claimant may pursue either of two remedies to enforce his lien. Within four months after completion he may enforce it by either bringing suit, or he may file with the clerk of the Circuit Court a claim for a lien. These proceedings are in the nature of notice to encumbrancers and to be effective against them the provisions of the statute must be substantially complied with.

In this case appellant invoked both remedies to enforce his lien and if in the pursuit of either he complied with the statute, he was entitled to a lien prior to the mortgage of Woodworth, otherwise not. The bill was filed as appears from the file marks thereon on January 29, 1908.

We have carefully examined the certificate of evidence to find whether the bill was filed within four months after the completion of the delivery of the material but find no evidence as to when it was delivered. This lack of evidence is fatal to the bill so far as its effectiveness under section 21 of the statute is concerned. There is the same lack of any such evidence so far as the filing of the claim for lien is concerned. Before the lien could be enforced, it must be shown by competent evidence that the claim for lien was filed or the bill filed to enforce the lien within four months after the final delivery of the material. This was imperative and in the absence of such evidence no right to a lien as against Woodworth was shown, and the decree of the court giving the Woodworth mortgage priority was right.

It will be unnecessary to consider other errors assigned or other questions raised.

The decree of the Circuit Court will be affirmed.

*Affirmed.*