PFEIFFER STONE CO. *v.* BROGDON.

Opinion delivered October 23, 1916.

MECHANICS' LIENS—TEN DAYS' NOTICE—SUIT. The institution of a suit by a material man to enforce a lien for materials furnished, cures the omission to comply with the requirements of Kirby's Digest, §§4976 and 4981, requiring the claimant to give ten days' notice, and to file a copy of the account with the clerk of the circuit court.

Appeal from Independence Circuit Court; *Dene H. Coleman*, Judge; reversed.

*McCaleb & Reeder* for appellant.

Suit was commenced in this case within ninety days from the time the last material was furnished. That dispensed with the necessity of giving the ten days' notice to the owner, and of filing the account upon which the lien is claimed with the circuit clerk. 114 Ark. 464.

*Ernest Neill* and *Chas F. Cole* for appellees.

One who seeks to avail himself of the mechanic's lien law, must bring himself within the letter of the statute. Kirby's Dig., § 4970; 102 Ark. 539; 119 Ark. 43. See, also, Kirby's Dig., §§ 4985, 4981, 4976.

This Court has held that a proper complaint, with a statement of the account duly verified, filed in the clerk's office within 90 days after the material was furnished, does away with the necessity of filing the account required by section 4981, *supra*, but the complaint must be filed within the specified time. The complaint, however, which was the subject of this demurrer, was filed 21 months after the material was furnished.

There is no compliance with the statute and the complaint is fatally defective, *supra;* 27 Cyc. 386; 30 Ark. 682; 93 Ark. 277, 280; 114 Ark. 1.

SMITH, J.  Appellants brought this action to enforce a lien under Sections 4 and 5 of Act No. 446 of the Acts of 1911, page 462, for material furnished to the contractors and used by them in the building of a church.  The ten days' notice required under Section 4976 of Kirby's Digest was not given, but before the expiration of the ninety days allowed by law for the enforcement of liens of this character appellants brought this suit on this account for the material furnished.  It was alleged that the bond provided for by the Act of 1911 above referred to had not then been given.  The complaint alleged that the last item of material was furnished on September 11, 1913, and placed in position in the building under the contract on September 12, 1913.  The original complaint was filed and summons issued December 9, 1913.

Appellees, who were the contractors engaged to build the church and the trustees of the church, filed a demurrer to the complaint in which the following grounds of demurrer were set up:

"First.  Said complaint is insufficient to support a lien against said building because it fails to show that plaintiff filed a just and true account of its alleged demand due and owing it, within the time required by law, verified by affidavit, as required by Section 4981, of Kirby's Digest.

"Second.  Said amended complaint is insufficient to entitle plaintiff to a lien against said church for the reason that same does not show that plaintiff gave notice that it held a lien against said church, as required by Section 4976 of Kirby's Digest.

"Third.  Said amended complaint does not state facts sufficient to entitle plaintiff to a lien against the church of which these defendants are trustees."

The judgment of the court below recites that the demurrer was sustained "for the reason that notice was not given by plaintiffs for ten days as required by law

before attempting to enforce the lien herein," and appellees argue that the demurrer should have been sustained upon the first and third grounds as well as upon this second ground.

It is not contended by appellants that it complied with Sections 4976 and 4981 of Kirby's Digest by giving the ten days' notice and filing copy of the account with the clerk of the circuit court. It is urged that the necessity for so doing was obviated by the institution of the suit to enforce the lien within ninety days after the last materials were furnished. Appellants are correct in this contention, as we expressly decided in the case of *Simpson* v. *Black Lumber Co.*, 114 Ark. 464.

It is pointed out that the amended complaint was filed on June 12, 1915, and that the demurrer was sustained to this complaint. It is not contended, however, that the original complaint was insufficient to furnish notice of the claim of the lien if that notice can be given by the mere institution of the suit, and as we have held and now hold that the institution of suit does cure the omission to comply with the requirements of Sections 4976 and 4981 of Kirby's Digest it follows that the demurrer was improperly sustained, and the judgment of the court to that effect must be reversed and the cause will be remanded with directions to overrule the demurrer.