BELL v. KOONTZ.

Opinion delivered February 7, 1927.

1. MECHANICS' LIENS—RIGHT TO LIEN.—The fact that a material-man held the title to lots as security for the purchase money did not defeat his right to a lien for materials furnished to build a a house thereon, since the purchaser had an equitable estate in the lots.

2. MECHANICS' LIENS—CONVEYANCES IN GENERAL.—Persons acquir-ing an interest in lots subject to a materialman's lien, after the materials were furnished and within the time allowed by Craw-ford & Moses' Dig., § 6911, to bring suit to enforce such lien, were not innocent purchasers, but purchased subject thereto.

3. MECHANICS' LIEN—ESTOPPEL TO ASSERT LIEN.—A materialman is not estopped to assert his lien for materials by erasing his own name and inserting that of the purchaser as grantee in the deed of the lots to him executed as security for the purchase money, where his successors in title were not thereby induced to purchase or lend money on the property and did not know of the change when they became interested in the property.

4. ESTOPPEL—ACTS DONE AND CHANGE OF POSITION.—Estoppel *in pais* is worked by conduct intended and calculated to induce and in fact inducing one to alter his condition, so that it would be a fraud on him to allow the other to take an inconsistent attitude to his detriment.

5. MECHANICS' LIEN—RIGHT TO LIEN.—A materialman is not entitled to a lien on lots for money paid by him to a laborer whose claim was not assigned to him, but is entitled to a personal judgment against the owner for the amount so paid at his request.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland*, Chancellor; reversed.

*John D. Arbuckle* and *George W. Dodd*, for appel-lant.

*J. H. Clendening, Jr.*, and *A. A. McDonald, Geo. F. Youmans* and *Roy Gean*, for appellee.

HUMPHREYS, J. This suit was instituted in the chan-cery court of Sebastian County, Fort Smith District, by appellant against appellees, on the 2d day of April, 1925, to enforce a lien for material and labor in the total sum of $1,216.13 against lots 21 and 22, in block 9, in General Benjamin Bonneville Addition No. 2 to the city of Fort Smith, Arkansas. It was alleged, in substance, that the

materials and labor were furnished by appellant to H. A. Koontz, the owner of the lots, between the dates of October 16, 1924, and January 8, 1925, the last item being furnished on the 7th day of January, 1925.

Appellees filed an answer, denying the material allegations in the complaint and pleading an estoppel *in pais* against appellant; and Ben Fant, a subsequent purchaser, and Samuel Baron, a subsequent mortgagee, pleaded, by way of further defense, that they were innocent purchasers of the property for value.

The cause was submitted to the court upon the pleadings and testimony, resulting in a dismissal of appellant's complaint for the want of equity, from which is this appeal.

After a careful reading of the testimony, we are convinced that the weight thereof reflects that the items for material contained in appellant's account were delivered upon the premises and used in the construction of the house thereon, and that the items of labor on the house embraced in the account were paid for by appellant; also that the last item for material was furnished within ninety days before the institution of this suit. We deem it unnecessary to set out, in substance or detail, the testimony responsive to these issues.

The only three questions of consequence presented for determination on this appeal are:

First. Whether appellant can claim a lien for material furnished while holding the legal title to the lots as security for the payment as a part of the purchase price thereof.

Second. Whether appellant was estopped from asserting a lien upon the property because he had changed the deed from W. E. Lowery and wife by erasing his own name and inserting the name of H. A. Koontz therein as grantee; and,

Third. Whether he can claim a lien for the amount paid by him for labor in the construction of the house. The facts necessary to a determination of these questions are undisputed, and are as follows:

H. A. Koontz desired to purchase the lots described above from W. E. Lowery and build a house upon them. Lowery asked $115 for the lots, and Koontz had only $50. He applied to appellant for a loan of $65 to pay the balance of the purchase money, and requested him to furnish material and pay for labor to construct the house. The application and request were granted. Pursuant to agreement, H. A. Koontz paid W. E. Lowery $50 and M. T. Bell paid him $65 for the lots. Koontz executed a note to Bell for $65, and W. E. Lowery and wife executed a deed for the lots to M. T. Bell, to be held as security by him until Koontz paid the note, at which time the deed was to be turned over to Koontz. Koontz took possession of the property and proceeded to build the house, and worked on it one day himself. J. C. Harry did most of the work, and was paid partly by Koontz and partly by Bell. Bell paid him $100 on his labor account. Bell furnished all of the material for the house, the last item being furnished on January 7, 1925. On January 14, 1925, Koontz paid Bell the $65 note, evidencing the balance of the purchase money for the lots, and Bell scratched out his name in the deed as grantee and inserted the name of H. A. Koontz, and delivered the deed to him. The deed was dated September 30, 1924, and recorded February 25, 1925. On February 16, 1925, H. A. Koontz and wife conveyed the lots by warranty deed to J. C. Harry, which was recorded March 14, 1925. J. C. Harry had received the materials and used them in building the house, with full knowledge that they had not been paid for by Koontz. On March 16, 1925, J. C. Harry and wife conveyed the lots by warranty deed, for $1 and a loan to J. B. Fant, which was recorded on the day of its execution and delivery. On the same date, March 16, 1925, J. B. Fant executed a note and mortgage on the property to secure same, for $600. The note recited that it was executed for purchase money, whereas the mortgage recited that it was given to secure the loan.

(1). The fact that Bell held the title as security merely for the balance of the purchase money due on

the lots did not defeat his statutory lien for materials furnished to build the house. Koontz was the equitable owner and in possession of the lots. The instrument of conveyance was in fact a mortgage, although a deed in form. Bell's lien for material attached to the estate owned by Koontz in the lots. *White* v. *Chaffin,* 32 Ark. 59. Bell's lien for material could not merge in the legal title held by him to the lots as security merely, when the equitable title to the lots belonged to another.

The appellees, who traced their title back to Koontz, who was not himself an innocent purchaser as against Bell's lien, could not be innocent purchasers as against the lien, because they acquired their deeds and mortgage after the materials were furnished and within the period Bell was given by the materialman's lien statute to bring suit to enforce his lien. They bought subject to Bell's lien for material, because the statute required them to take notice of the existence thereof during the ninety-day period given him after furnishing the last item to file his lien or to bring suit to enforce it. Section 6911 Crawford & Moses' Digest; *Eddy* v. *Loyd,* 90 Ark. 340, 119 S. W. 264.

(2). None of the appellees tracing their title back to H. A. Koontz were induced to purchase or lend money upon the property on account of Bell scratching out his name as grantee in the deed from W. E. Lowery and inserting H. A. Koontz's name. None of them had any knowledge that the change had been made when they respectively acquired, sold and incumbered the property. Having no knowledge of the change, they could not have been misled by it to their damage. The rule of an estoppel *in pais* is as follows: "Estoppel *in pais* is worked by conduct intended and calculated to induce, and in fact inducing, another person to alter his condition so that it would be a fraud on him to allow the other person to take an inconsistent attitude to his detriment." *Thompson* v. *Willard,* 66 Ark. 347, 50 S. W. 870; *Johnson* v. *Taylor,* 140 Ark. 100, 215 S. W. 862; *Ferguson* v. *Guydon,* 148 Ark. 295, 230 S. W. 260.

(3). Appellees are correct in their contention that Bell is not entitled to a lien for money paid to J. C. Harry on account of labor. J. C. Harry's lien was not assigned to him. The labor for which Bell paid cannot be treated as the cost of material in place, as was done in the case of constructural iron used in a building in the case of *Terry* v. *Klein,* 133 Ark. 366, 201 S. W. 801. Appellant, however, is entitled to a personal judgment against H. A. Koontz for the amount he paid for labor to J. C. Harry at his request.

On account of the errors indicated the decree is reversed, and the cause is remanded with instructions to give appellant a judgment against H. A. Koontz for the entire amount of his claim, with interest, and to enforce the lien against the said property in appellant's favor for the amount of the claim, after deducting the items of labor therefrom.