HIRSCH v. FARRIS.

Opinion delivered October 10, 1927.

1. MINES AND MINERALS—TIME TO FILE LIEN CLAIMS.—Employees of an oil field contractor, who furnished teams for construction of an earthen storage pit and did work thereon, *held* not entitled to liens under Acts 1923, p. 499, where they failed to file their claims with the clerk of the circuit court within 90 days from the last work, as required by Crawford & Moses' Dig., § 6922, or to bring an action to establish and enforce liens within this period.

2. MINES AND MINERALS—ENFORCEMENT OF STATUTORY LIEN.—Liens on oil wells and property used in connection therewith, given to laborers and materialmen by Acts 1923, p. 499, are creatures of the statute and must be perfected and enforced according to the statute creating them.

3. MINES AND MINERALS—ENFORCEMENT OF LIEN—PARTIES.—In an action by oil field laborers and materialmen against the owner of a leasehold interest for a pick-up station to declare and enforce their lien brought under Acts 1923, p. 499, the contractor was a necessary party where agreements with the laborers and materialmen were made by the contractor rather than the owner.

4. MINES AND MINERALS—ACTION TO DECLARE LIEN—NOTICE.—In an action to declare and enforce liens to a leasehold interest for an oil pick-up station, brought by laborers and materialmen under Acts 1923, p. 499, failure to give 10 days' notice of intention to bring the action as required by Crawford & Moses' Dig., § 6917, *held* fatal to personal judgment against the owner.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy, Chancellor;* reversed.

*Saxon, Wade & Warren,* for appellant.

WOOD, J. This is an action by L. C. Farris *et al.* against Sylvian Hirsch to declare and enforce a lien on certain oil and other personal property and on a leasehold interest in twenty acres of land in Ouachita County, Arkansas, which land is described in one of the complaints. The first complaint was filed March 6, 1926, and the interventions were filed later. Plaintiffs and interveners alleged, in substance, that they were oil field teamsters and laborers, and, at the request of the defendant, Sylvian Hirsch, they furnished teams and labor for the purpose of building an earthen storage pit on lands described in the complaint, upon which the defendant had a lease, for the purpose of building a pick-up station for the collection of oil. They asked that they be given a lien on seven-eighths of the oil so collected and certain personal property and the leasehold interest of the defendant. Plaintiffs filed with the complaint a statement of their accounts, duly verified.

The defendant answered, denying the allegations of the complaint and interventions, and alleged that he had at no time employed the plaintiffs or interveners to do any work for him on his pick-up station or earthen storage tank on the lands described in the complaint; that he had no notice that the plaintiffs and interveners had ever done work for him on the land described.

The plaintiffs and interveners testified, in substance, that they worked on the pit situated on the land as described in the complaint and interventions. A colored man by the name of Curlin Arnold employed them to do the work. Hirsch never employed them. They gave the defendant, Hirsch, no notice that they were going

to institute suit against him. They did not know when the work was done—the last of November or the first of December—it was finished about the first of December. Each testified to the number of days' work done by him and the amount due him, and that same had not been paid. They testified to the effect that Arnold, who employed them, claimed to have a contract with the defendant, Hirsch.

The defendant, Hirsch, testified that he never employed any of the negroes to build the pit for him. Neither of them ever gave him any notice that they were claiming a lien or that they were going to file suit against him. He entered into a contract with Curlin Arnold to construct an earthen storage pit for him on the land described, and agreed to pay him $400 for the work. Arnold had never finished the pit. It was on the land described in the complaint and interventions, and he supposed that the claimants had worked on the pit. Witness did not know whether Curlin Arnold had paid the claimants in suit or not. Witness paid Arnold $200, and told him that if he would finish the pit he would pay him the balance of $200.

The court found that the defendant had entered into a contract with Curlin Arnold to build a storage pit on the lands described in the complaint and interventions, for which Arnold was to be paid the sum of $400. Certain of the plaintiffs had performed work and labor with their teams, wagons and slips on the storage pit, under employment by Arnold, the contractor. The court found that the claims were not filed within ninety days and no notice was given the defendant, Hirsch, and the trial court was of the opinion that the plaintiffs had eight months in which to perfect their liens and that their actions were instituted within eight months from the time the last work was done by them. The court thereupon rendered a decree for the several amounts claimed by the respective plaintiffs, and declared these amounts a lien on the leasehold estate of the defendant, Sylvian Hirsch, on the lands described in the complaint,

and appointed a commissioner to sell such property to satisfy the decree. From these decrees the appellant prosecutes this appeal.

Act No. 615 of the General Acts of 1923 gives to the parties designated therein, including materialmen and laborers, a lien, upon the terms and conditions therein specified. Section 3 of that act gives to "any person, corporation, firm, association, partnership or material-man, who shall furnish such machinery, material or supplies to a contractor or subcontractor, or any person who shall perform such labor under a subcontractor with a contractor, or who, as an artisan or day laborer in the employ of such contractor or subcontractor, shall perform any such labor, shall have a lien upon the said land or leasehold interest therein," etc. The act is long, and it is unnecessary to set it forth. It suffices to say it is sufficiently comprehensive to include the appellees, as materialmen and day laborers furnishing teams and tools and performing day labor. They are therefore entitled to a lien upon the leasehold estate described in the complaint, provided they have proceeded as the law requires to assert their lien.

Section 8 of the act provides: "Except as herein expressly provided, the lien hereby created shall be construed, established, preserved and enforced in like manner, and in the same time as liens of mechanics are now construed, established, preserved and enforced, provided that, where the labor performed, or material, supplies or machinery furnished was under an open, running account, the same shall be construed as a continuous contract, and the time within which the verified statement of the claim for lien shall be filed with the clerk of the circuit court shall be computed from the time upon which the last labor was in good faith performed."

The mechanics' lien law (§ 6922, C. & M. Digest) is linked by § 8, *supra,* to the act under review as the method prescribed for the establishment and enforcement of the liens, except as in act No. 615 otherwise expressly provided. The mechanics' lien law makes it

the duty of every person who wishes to avail himself of the act to file, with the clerk of the circuit court of the county where the property is situated upon which he wishes to have a lien fixed, a just and true account of the demand due or owing to him, after allowing all credits, and containing a description of the property to be charged with the lien, verified by affidavit. In order to preserve a lien, this account must be filed within ninety days after the last item of the materials furnished or work or labor performed. See *Planters' Cotton Oil Co.* v. *Galloway,* 170 Ark. 712, 280 S. W. 999, and cases there cited.

The appellees did not file any claim for a lien with the clerk of the circuit court, as required by § 6922, *supra,* nor did they institute their action within ninety days after the last item of labor was performed by them. The latter step would have been sufficient to cure the failure to file their claim as required by § 6922, *supra.* See *Pfeiffer Stone Co.* v. *Brogdon,* 125 Ark. 426, 188 S. W. 1187.

The learned trial judge found that the claims were not filed within the ninety days prescribed, but he was of the opinion that the appellees had eight months in which to perfect their liens under the labor lien law. Section 6862, C. & M. Digest, provides as follows: "Proceedings under this act shall be commenced within eight months after the work is done." But the Legislature saw proper, by the act under review, under the eighth section above quoted, to prescribe that the liens created by that act in favor of laborers on property therein described should be "established, preserved and enforced in the same time as liens of mechanics are now construed, established, preserved and enforced." The appellee sought to enforce their liens given them under Act No. 615, and not under § 6862 of C. & M. Digest. These liens are creatures of statutes, and they must be perfected and enforced according to the statutes under which they are created. *Doke* v. *Benton County Lumber Co.,* 114 Ark. 1, 169 S. W. 327, 52 L. R. A. (N. S.) 870.

2. The appellees did not make the contractor a party to the action, nor did they give the appellant ten days' notice of the action, as required by § 6917, C. & M. Digest. The appellees therefore are neither entitled to a lien nor to a personal judgment against the appellant. See *Simpson* v. *Black Lumber Co.,* 114 Ark. 464, 172 S. W. 883.

The decrees are therefore reversed, and the causes are remanded with directions to enter a decree dismissing the complaint and interventions for want of equity.