OWEN *v.* CONTINENTAL SUPPLY COMPANY.

Opinion delivered December 5, 1927.

1.  MINES AND MINERALS—IMPLIED CONTRACT TO PAY FOR MATERIALS.
    —Where defendant, one of three owners of an oil and gas lease,
    who operated the lease for himself and co-owners with authority
    to order materials to be charged to the co-owners, used materials
    ordered by him and charged to the co-owners' account on a lease
    belonging solely to himself, *held,* that the law will imply a con-
    tract by defendant to pay for such materials.

2.  MINES AND MINERALS—MATERIALMAN'S LIEN—PARTIES.—Where
    the law created an implied contract by defendant to pay for
    materials ordered by him and charged to the account of his
    co-owners in an oil and gas lease, but used by him on his own
    lease, his co-owners were not proper or necessary parties in a
    materialman's suit to enforce his lien on defendant's lease.

3.  MINES AND MINERALS—NOTICE OF LIEN.—The statutory 10 days'
    notice of an intention to file the claim of a materialman's lien was
    not required to be given to the owner of an oil and gas lease who
    ordered the materials and who was liable therefor on implied
    contract, nor to the purchasers of the lease subsequent to the
    accrual of the lien and within the 90 days given to file the lien,
    and who were properly made parties to the action.

4.  MINES AND MINERALS—LIEN FOR MATERIALS—EVIDENCE.—In an
    action to enforce a materialman's lien on an oil and gas lease,
    evidence *held* to show that the materials forming the basis for
    the action were used on the leasehold against which the lien was
    established.

5.  MINES AND MINERALS—MATERIALMAN'S LIEN—INSOLVENT PUR-
    CHASERS.—Purchasers of an oil and gas lease, after the accrual
    of a materialman's lien thereon and within the 90 days allowed
    in which to file a lien after the materials had been furnished,
    were not innocent purchasers of the property, but took subject
    to the lien.

6.  MINES AND MINERALS—MATERIALMAN'S LIEN—ESTOPPEL.—State-
    ments of the owner or his agent to purchasers of an oil and gas
    lease that there were no claims for liens did not bind one claim-
    ing a materialman's lien from whom no inquiry was made, and
    who made no misrepresentations regarding the matter.

Appeal from Union Chancery Court, Second Divi-
sion; *George M. LeCroy,* Chancellor; affirmed.

*Goodwin & Goodwin* and *Patterson & Rector,* for
appellant.

*Kitchen & Harris,* for appellee.

McHANEY, J.    This is a suit to enforce a material-man's lien on a ten-acre oil and gas lease in Union County, near Norphlet, commonly referred to as the Edwards farm, in the sum of $1,346.20, which lease was owned by G. G. Baggett.    It appears that Gano, Honan and Baggett owned an oil and gas lease on a town lot in Norphlet, Arkansas, referred to as the townsite lease, and that Baggett operated this lease for himself, Gano and Honan, and had authority from them to order materials for repairs and equipment from appellee, to be charged to Gano and Honan, with whom they had a line of credit.    Baggett had no credit or account with appellee.    Between November 14, 1924, and February 21, 1925, he ordered material and supplies from appellee in the above sum of money, which were charged to Gano and Honan, which were not used upon the townsite lease of Gano, Honan and Baggett, but were used in and upon the Edwards farm lease owned by Baggett himself, without any authority from Gano and Honan.    After discovering that material and supplies in the above sum had been delivered to the Edwards farm lease, without authority from Gano and Honan, appellee restated its account with Gano and Honan, and charged Baggett with said amount, and, upon his failure to pay therefor, filed a lien upon the Edwards farm lease, and, in apt time, brought suit to foreclose same.    On March 6, 1925, Baggett sold and assigned the lease in controversy to appellant, S. H. Riggs, for a consideration of $10,000 in cash, warranting the title against liens and incumbrances.    On May 13, 1925, Riggs sold and assigned the lease in controversy to his co-appellees, E. R. Owen and Mrs. Irma G. Day, for a consideration of $2,500 in cash and short term notes, and an oil payment of $5,000, payable out of 7/32 of the first production, in which he warranted the title and cove-nanted against liens and incumbrances.    This last assign-ment was not filed for record until February 9, 1926. Suit was brought against Baggett and C. G. Graham, on the theory that Baggett and Graham were partners, for a personal judgment against them, and against Riggs,

Owen and Day as purchasers of said lease after the accrual of said lien. No service was ever had on Graham. On a trial of the case the court decreed personal judgment against Baggett in the above sum, and fixed a lien in favor of appellee on said lease, and ordered it sold in satisfaction thereof if not paid within ten days. The decree also gave personal judgment in favor of Owen and Day against Riggs in the same sum for breach of his covenant of warranty, and also in favor of Riggs against Baggett for breach of his covenant of warranty. Owen, Day and Riggs have appealed from the decree fixing a lien against the property and ordering foreclosure, and Riggs has appealed from the decree awarding judgment against him in favor of Owen and Day.

Appellants first insist, for a reversal of the case, that there is no evidence sufficient to establish a contract, either express or implied, between appellee and Baggett, or Baggett and Graham, relating to the furnishing of any material by appellee for the lease in controversy, and that, since a contract, express or implied, is the very foundation of the right to a lien, under the statute, appellee must fail. We cannot agree with counsel in this contention, as we think the evidence amply sufficient to show an implied contract between Baggett and the appellee. His letter of May 19 is a recognition of the indebtedness and a promise to pay. The undisputed evidence shows that Baggett, the owner of the Edwards lease, ordered these materials himself from appellee, although charged to Gano and Honan, and that they were used upon his property. Under such circumstances the law will imply a promise to pay for them, which makes a contract between him and the appellee. The case of *Crown Central Petroleum Co.* v. *Frick-Reid Supply Company,* 173 Ark. 983, 293 S. W. 1012, is authority for this holding. We do not review the evidence on this point, but have read same carefully and hold that it is amply sufficient to establish a case of an implied contract between Baggett and appellee for the purchase and sale of the material sold and delivered to his lease.

It is next contended that, if it be held that there was a contract, express or implied, then appellee is a subcontractor for Gano and Honan, to whom the material was sold and charged, and who, it is insisted, furnished the material as principal contractors with Baggett, and that hence they are necessary parties to this action. We do not agree with this contention, for the reason that we have already stated that there was an implied contract between appellee and Baggett for the purchase and sale of these materials, and, since they were furnished and went into his property, there was an implied contract on his part to pay for them, and an express promise on his part in his letter of May 19 to pay therefor. Under this state of facts appellee is a materialman, and made a sale of the materials directly to the owner, entering into a property in which Gano and Honan had no interest, and they are not therefore proper or necessary parties to this action.

It is next insisted that no notice of the intention to file the claim of lien was given or served on the property owner, as required by the statute as a prerequisite to the filing of the lien. Appellee, being an original contractor with the owner, is not required, under the statute, to give the ten days' notice. Appellee is not a subcontractor, but an original contractor for the material furnished. Where material or labor is furnished under a contract with the owner, the necessity for the notice is dispensed with. It was not necessary therefore to notify Baggett, as he was the owner at the time the material was bought. It was unnecessary to notify Riggs, Owen and Day, because they were purchasers subsequent to the accrual of the lien, and within the ninety days given to appellee within which to file his lien. They were properly made parties to the action, and cannot complain of the failure to give them the ten days' notice. *Eddy* v. *Loyd,* 90 Ark. 340, 119 S. W. 264.

It is next insisted that the proof is not sufficient to show that the items of materials which form the basis of this action were in fact actually placed on, or used in or

upon, or became a part of, the property 'against which the lien was established. Not only did Baggett acknowledge this indebtedness, the correctness of the account for materials furnished, and promise to pay therefor, which is testified to by Mr. Harter, witness for appellee, and as shown in Baggett's letter written subsequent to the separation of the account, but it is shown in the testimony of Honan, who testified to the effect that he took the entire account of appellee against Gano and Honan, went upon the respective leases, and checked the materials, item by item, and stated that the items included in the suit to establish this lien went upon Baggett's lease. This evidence was not disputed by appellants, and this was sufficient to establish the fact that the materials furnished were used upon the leasehold in question.

It is finally insisted that appellants are innocent purchasers, without any notice of appellee's claim of lien, or that it had furnished anything for the lease, or that Baggett, or Baggett and Graham, or any one else, owed appellee for anything that went on the lease. This position cannot be sustained, as there can be no innocent purchasers of property as against mechanics' liens which are asserted within the time and in the manner provided by law. They must take notice of the statute giving liens to material furnishers and laborers and allowing ninety days in which to perfect their liens after the material and labor have been furnished, and that an otherwise good record title may be incumbered thereby within such time.

In the recent case of *Bell* v. *Koontz,* 172 Ark. 870, 290 S. W. 597, this court passed upon the same point adversely to appellants' contention, and, in the course of its opinion, said: ''They bought subject to Bell's lien for material, because the statute required them to take notice of the existence thereof during the ninety-day period given him after furnishing the last item to file his lien or to bring suit to enforce it.'' Citing § 6911, C. & M. Digest; *Eddy* v. *Loyd,* 90 Ark. 340, 119 S. W. 264.

We adhere to the above holding, and announce again that purchasers of property must take notice of the statute giving materialmen and laborers ninety days after the materials are furnished and the labor done in which to file a lien, and that, during such time, there can be no innocent purchasers of the property. Statements of the owner or his agent that there are no claims for liens cannot bind the lien claimant from whom no inquiry was made, and who made no misrepresentations regarding the matter.

We find no reversible error, and the decree is accordingly affirmed.