RUST v. KELLEY BROTHERS' LUMBER COMPANY.

Opinion delivered December 2, 1929.

518

*George A. Hurst* and *C. D. Atkinson,* for appellant.
*John Mayes,* for appellee.

HART, C. J., (after stating the facts). We will first consider the relation that the state of the record shows that appellee bore to W. L. Elam, as owner of the property now in controversy, for the enforcement of its lien. The amount of the materials furnished by the Kelley Brothers' Lumber Company was in the aggregate $6,944.69. Although the itemized account attached to the complaint was not sworn to, the amount of materials furnished and the dates thereof were established by the evidence of appellee, and were not attempted to be contradicted. The record also shows that suit was commenced by appellee to establish its lien within ninety days after the materials were furnished, but it is insisted that appellee was not entitled to a lien because it failed to verify its account as required by § 6922 of Crawford & Moses' Digest. This does not make any difference. This court has uniformly held that, in an issue between mechanics or materialmen and the owner of the property, that a substantial compliance with the statute is all that is necessary. The result is that the bringing of a suit by the lien-claimant against the owner gives the latter all the notice that could be required as to the claim for a lien against his property. The neglect to comply fully with the requirement of the statute was intended for the protection of third persons who might acquire rights in or liens upon the same property. *Murray* v. *Rapley,* 30

Ark. 568; *Anderson* v. *Seamans,* 49 Ark. 475, 5 S. W. 799; *McFadden* v. *Stark,* 58 Ark. 7, 22 S. W. 884; and *Standard Lumber Co.* v. *Wilson,* 173 Ark. 1024, 296 S. W. 27.

In the last case the court said that the statute was wholly remedial in its nature, and that, when the controversy is between the holder of the lien and the owner of the land, an exact compliance with the statute at all points is not indispensable. So it will be seen, in so far as rights between appellee as the material furnisher and Elam as owner of the land are concerned, the bringing of the suit by the former against the latter for the purpose of asserting a lien for materials furnished and used in the construction of the houses within the period required by statute was all that was necessary to fix the lien of appellee.

Now, Rust purchased from Elam after the materials were furnished by appellee and used in the construction of the houses. His deed is dated July 18, 1928, and expressly recites that it is made subject to all material and labor liens for the construction of the seven houses now located on the above-described lots. This was notice to Rust that appellee was entitled to a lien on the lands for materials furnished and used in the construction of the houses. Hence Rust was not a *bona fide* purchaser for value, and acquired no greater rights than those possessed by the owner of the property. The last item of materials was furnished by appellee less than ninety days before appellee instituted this suit against Elam to establish its lien. Elam conveyed the lots to Rust after the materials were furnished, and within the time allowed by statute to appellee to bring suit to enforce its lien for material. Hence Rust was not an innocent purchaser for value, and acquired the title to the lots subject to appellee's lien for material. *Bell* v. *Koontz,* 172 Ark. 870, 290 S. W. 597.

Montgomery purchased from Rust, and was affected with notice in the title deeds of his vendor, so the notice recited in the deed that the conveyance was made subject to the liens of materialmen and laborers affected him

equally with Rust. *Union & Planters' B. & T. Co.* v. *Simmons,* 166 Ark. 285, 265 S. W. 963. Therefore we hold that Rust and Montgomery stand in the shoes of Elam, their grantor, and that appellee has a lien for materials furnished by it in so far as they are concerned.

This brings us to a consideration of the question as to whether there was any priority between the lien-claimants. It will be remembered that Ona Hudson and others had liens for labor performed on the seven houses, some of the laborers working on one house and some on another. Appellee furnished the lumber and other materials for all seven of the houses. It furnished the lumber under an oral contract for all the houses, and asserted its lien against all the lots. This contract was an entire contract, and appellee might assert and establish its liens in one suit against all of the lots for the material furnished in the erection of all of the houses. *Burel* v. *East Arkansas Lumber Co.,* 129 Ark. 58, 195 S. W. 378, 10 A. L. R. 1017, and cases cited.

But it is urged upon us that the rule would not apply to the laborers, for they performed labor upon the houses separately. This does not make any difference. Section 6920 of Crawford & Moses' Digest provides that the lien for work and labor done or things furnished as specified in the act shall be on an equal footing, without reference to the date of filing the account or lien, and that, in cases where the property is sold, the proceeds of the sale, when not sufficient to discharge in full all the liens against the same, without reference to the date of filing the account or lien, shall be paid *pro rata* on the respective liens; provided such account or lien shall have been filed and suit brought as provided by the act. It was the evident intention of the framers of the statute to establish the equality of liens as between claimants for work and labor done and those furnishing material for the construction of the building.

In the application of the statute in the present action the court properly determined that the proceeds of the sale of the property should be distributed *pro rata* among

the various lien claimants. Therefore the decree will be affirmed.