## REA v. LAMMERS.

4-8401          207 S. W. 2d 740

Opinion delivered February 2, 1948.

*Walter M. Purvis* and *Wm. J. Kirby,* for appellant.

*J. Fred Jones,* for appellee.

McHANEY, Justice. On April 29, 1946, appellee entered into a written contract with appellant by which he agreed to do certain work on appellant's house at 700 Wolfe Street, Little Rock, Arkansas, and to furnish all labor and materials, for a price of $1,000 to be paid $500 on completion of job and $500 as soon as arrangements could be made for a loan. Appellee completed the work promptly, demanded payment, but same was refused. He thereafter, on June 8, 1946, brought suit against appellant, alleging said facts, to recover a judgment against him for $1,000. Appellant answered on June 24, 1946, with a general denial. Trial to a jury on November 21, 1946, resulted in a verdict and a judgment for $1,000.

Thereafter, on March 25, 1947, at a subsequent term of the court, appellee filed in said cause what he called a "Motion to Enforce Lien," in which, among other matters, he set out all the aforesaid matters, described the property with more particularity as the east 85 feet of lot 12, block 10 of Faust's Addition to the City of Little Rock, and in which, for the first time, he asserted a lien on said property in this language: "Plaintiff says that the work performed by him under the terms of his contract with the defendant created a mechanics and materialman's lien in his favor upon said house and lot to the extent of $1,000, and that the filing of the suit within 90 days after completion of the contract as aforesaid was a substantial compliance with the statute relative to availing himself of the benefits of said act; that this action to enforce the lien as created as aforesaid is brought within the statutory period of 15 months since filing the aforesaid suit.

"Wherefore, plaintiff prays that the judgment for $1,000 against the defendant be levied out of the property charged with the lien therefor and that special *fieri facias* issue against said property to the end that plaintiff's claim may be satisfied out of said property, and for costs herein expended."

Appellant, on May 14, 1947, responded to said motion and asserted that appellee did not ask the court to declare a lien on said property in his original complaint

794

and upon a trial no lien was declared thereon, and that the judgment was rendered at a former term of the court, and that it is too late at that time to establish a lien against said property. He later, on June 28, 1947, filed an amendment to his response to the effect that said motion designed to have the court change the judgment from one *in personam* to one *in rem;* that it is not now subject to be amended or changed; and that the court was without jurisdiction to grant the relief sought.

The court, on March 2, 1947, entered an order *nunc pro tunc* granting the relief prayed in said motion, fixed a lien on said property, ordered it sold, if not paid in 90 days, and ordered a special *fieri facias* to issue. This appeal is from that order.

We think the learned trial court fell into error in so holding.

Appellee, being the original contractor, was not required to give the 10 days' notice to the owner, appellant. Section 8876, Pope's Digest. He was clearly entitled to a mechanics lien on said property only "upon complying with the provisions of this act." Section 8865, Pope's Digest. Section 8881 provides how the lien shall be established by any person who wishes to avail himself of said act. He must file with the circuit clerk of the proper county, and within 90 days after the materials are furnished or the work or labor done or performed, "a just and true account of the demand due or owing to him,—and containing a correct description of the property to be charged with said lien, verified by affidavit."

For the purpose of this opinion, we assume that the description of the property as 700 Wolfe Street, Little Rock, Arkansas, was sufficient.

We have several times held that when suit is brought within 90 days to establish and enforce the lien, there is no necessity between the lien-holder and the land-owner, to file any account, other than the one accompanying the complaint, nor to enter any abstract of the particulars in the mechanics lien book. *Anderson v. Seaman,* 49 Ark.

475, 5 S. W. 799; *Pfeiffer Stone Co.* v. *Brogdon*, 125 Ark. 426, 188 S. W. 1187; *Carr* v. *Hahn*, 133 Ark. 401, 202 S. W. 685.

Appellee filed his suit within the 90 days given and, therefore, was not required to give notice. If he had claimed or asserted a lien in this complaint, the jury and the court, no doubt, would have given him a verdict and a judgment therefor, but nowhere in his complaint or in the verdict or in the judgment is there any mention of a claim for a lien. He simply asserted that appel-. lant owed him $1,000 for services performed in the performance of a certain contract for which he prayed judgment. He got all he asked. Appellee apparently relied upon appellant's personal credit to collect his debt and this he had a right to do. He could not have a lien, except upon compliance with the statute, and we have held that a substantial compliance is all that is necessary and that the statute will be liberally construed in favor of the lien claimant. *Wildwood Amusement Co.* v. *Stout Lumber Co.*, 178 Ark. 977, 12 S. W. 2d 911. But the claim for a lien must be filed within 90 days, or there can be no lien. In *Martin* v. *Blytheville Water Co.*, 115 Ark. 230, 170 S. W. 1019, it was held that the lien must be asserted within that time. Here, appellee was too late, for he asserted and attempted to enforce his lien for the first time in his "Motion to Enforce Lien," long after the 90 days had expired, and came too late. See, also, *Union Indemnity Co.* v. *Covington*, 178 Ark. 533, 12 S. W. 2d 884; *McGehee Realty & Lumber Co.* v. *Kennedy*, 200 Ark. 926, 141 S. W. 2d 524.

The order of July 2, 1947, is reversed and the cause remanded with directions to cancel said order and to dismiss appellee's "Motion to Enforce Lien."