AUSTIN WIGGINS, JR., D/B/A WIGGINS &
COMPANY *v.* SEARCY FEDERAL SAVINGS &
LOAN ASSN.

5-6023                                    486 S.W. 2d 900

Opinion delivered November 6, 1972
[Rehearing denied December 11, 1972.]

*Dean R. Morley,* for appellant.

*C. E. Yingling Jr.,* for appellee.

JOHN A. FOGLEMAN, Justice. In November 1968 appellant Austin Wiggins, doing business as Wiggins & Company, contracted with Von Ber Mar, Inc., to construct a residence on property owned by the corporation. A construction loan was made by First American National Bank on a note of Von Ber Mar, Inc., endorsed by Wiggins. Permanent financing was obtained through a loan of $22,400 to Von Ber Mar by Searcy Federal Savings & Loan Association made on May 23, 1969, and secured by a mortgage on the property on which the house was built. On April 19, 1969, Ray Richmond, Secretary and Staff Appraiser for appellee, appraised the property. He testified that the house appeared ready for occupancy at that time, but that even though Wiggins and some of his workmen were on the job at the time, he made no inquiry of Wiggins about any outstanding debt to the contractor. The president of the association also testified that he knew that some work was in progress when the appraisal was made.

Wiggins claimed a mechanic's and materialman's lien on the property for an amount in excess of $20,000, contending that items of the value of $114.88 were installed and charged to the job after the mortgage was executed. Wiggins brings this appeal from the decree of the chancery court holding that his lien was subordinate to the mortgage of Searcy Federal Savings & Loan.

Appellant filed suit to enforce his lien on October 1, 1969. Von Ber Mar, Inc., was the only defendant in the action. Appellee did not become a party until its

petition to intervene was filed November 21, 1969, and granted on the same date. The petition for foreclosure of the mortgage was filed December 5, 1969. The first pleading in which Wiggins asserted any claim of priority over the mortgage lien was filed on April 17, 1970.

Even though a suit to establish a lien is a substantial compliance with the lien statute, when the notice required by the statute has not been given, the action must be filed against the necessary parties within 120 days after the last item of material was furnished or work done. Ark. Stat. Ann. § 51-613 (Repl. 1971); *Burks* v. *Sims,* 230 Ark. 170, 321 S.W. 2d 767.

The holding of the chancellor was correct. The last items were furnished by appellant on August 21, 1969, according to his theory of the case. A lien does relate back to the commencement of the construction, as appellant contends, when the lienor's account is filed with the circuit clerk as required by Ark. Stat. Ann. § 51-613. See *Planters Lumber Co.* v. *Jack Collier East Co.,* 234 Ark. 1091, 356 S.W. 2d 631. This must be filed within 120 days after the last item of material was furnished or work or labor done or performed. The filing of this account is essential to perfection of the lien and its continued existence after the expiration of the 120-day period. In the absence of substantial compliance with the statute, the lien in this case would become void and unenforceable 120 days after August 21, 1969. *Rea* v. *Lammers,* 212 Ark. 792, 207 S.W. 2d 740; *McGehee Realty & Lumber Co.* v. *Kennedy,* 200 Ark. 926, 141 S. W. 2d 524; *Hirsch* v. *Farris,* 174 Ark. 1040, 298 S.W. 487; *Young Men's Building Association* v. *Ware,* 158 Ark. 137, 249 S.W. 545; *Mitchell* v. *Schulte,* 142 Ark. 446, 222 S. W. 365; *Conway Lumber Company* v. *Hardin,* 119 Ark. 43, 177 S.W. 408. See also, *Doke* v. *Benton County Lumber Co.,* 114 Ark. 1, 169 S.W. 327; 52 L.R.A. (n.s.) 870.

It is true that, as between the landowner and the lien claimant, the filing of a suit against all necessary

parties to preserve and enforce the lien within the 120-day period is a substantial compliance with the statute which cures the omission to file the account with the circuit court clerk. *Burks* v. *Sims,* 230 Ark. 170, 321 S.W. 2d 767; *Rust* v. *Kelley Bros. Lumber Co.,* 180 Ark. 517, 21 S.W. 2d 973. This relaxation of the statutory requirement, otherwise essential to the preservation and assertion of the lien, applies only as between the lien claimant and the landowner, and is based primarily upon the premise that the landowner will have, by the notice of filing of the suit, as much notice of the assertion of the lien and opportunity to protect his property from it as he would have by a strict compliance with the statute and that the filing requirements are intended primarily for the protection of third parties who might acquire rights in, or liens upon, the property. *Anderson* v. *Seamans,* 49 Ark. 475, 5 S.W. 799; *Pfeiffer Stone Co.* v. *Brogdon,* 125 Ark. 426, 188 S.W. 1187; *Rust* v. *Kelley Bros. Lumber Co.,* supra. In such a situation, either the account which accompanies the complaint or allegations of the complaint which embrace substantially all that the statute requires to appear in the verified account are treated as a substitute for the account required by the statute. *Anderson* v. *Seamans,* supra; *Wood* v. *King Manufacturing Co.,* 57 Ark. 284, 21 S.W. 471; *Rust* v. *Kelley Bros. Lumber Co.,* supra.

The same reasons will not serve to excuse filing the statement in the case of a mortgagee against whom a suit is not instituted within the statutory period, even though the mortgage was executed subsequent to the commencement of the building or improvement and prior to its completion. The subsequent encumbrancer, in the absence of the filing of the account or of a suit to which it is a party, is entitled to assume that the merchanics and materialmen who do not file an account have been paid or that they have elected to waive the statutory lien. Furthermore, the mortgagee claiming priority had as much right to litigate the issues as to the existence, amount and extent of the lien as did the landowner. This it could not do in an action to which it was not a party or of which it had no notice.

Even though the evidence here be taken to be sufficient to establish notice to appellee of appellant's lien, this notice extended only for the 120-day period, since appellant neither complied with the statutory requirements of filing nor brought a proper suit to enforce the lien before the expiration of that period. See, *Bell v. Koontz,* 172 Ark. 870, 290 S.W. 597. It is only during that period that such a purchaser is required to take notice that a good record title may be encumbered by a lien perfected within that period. *Owen v. Continental Supply Co.,* 175 Ark. 741, 300 S.W. 398. We have previously indicated that it was necessary that one claiming a lien against another purchasing the improved property subsequent to the furnishing of materials is excused from giving notice to that purchaser only by joining that purchaser in the action to enforce the lien. *Eddy v. Loyd,* 90 Ark. 340, 119 S.W. 264. See also, *Owen v. Continental Supply Co.,* supra.

We do not seem to have been presented with the identical question posed here. It seems to be well established, however, that, under statutes similar to ours, in order to preserve the priority of a mechanic's or materialman's lien over a mortgage executed after the commencement of the improvement, the lienor must perfect his lien during the period allowed by statute for filing it. *Sawyer v. Sawyer,* 79 Wyo. 489, 335 P. 2d 794 (1959); *Fisher Lumber Co. v. Verhine,* 147 Fla. 670, 3 So. 2d 374 (1941); *H. R. Hayes Lumber Co. v. H. M. Jones Drilling Co.,* 177 La. 626, 148 So. 899 (1933); *Brown v. Brown & Co.,* 25 Tenn. App. 509, 160 S.W. 2d 431 (1941, cert. denied, 1942); *Hartsone Concrete Products Co. v. Verkauf,* 147 So. 2d 194 (Ct. App. Fla. 1962); *Remington v. Mulholland,* 118 Cal. App. 479, 5 P.2d 667 (1931). See also, *Sunset Lumber Co. v. Bachelder,* 167 Cal. 512, 140 P. 35 (1914); *Dunham v. Woodworth,* 158 Ill. App. 486 (1910); 53 Am. Jur. 2d 793, 810, Mechanics' Liens, §§ 263, 272.

Since appellant did not file the statement required by Ark. Stat. Ann. § 51-613, and did not file any pleading

asserting priority over appellee's mortgage until April 1970, his lien priority over appellee's mortgage ceased to exist.

The decree is affirmed.